# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13589

_____

DUSTIN LEE MCLELLAN,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cv-00469-KD-N

_____

2                      Order of the Court                      22-13589

ORDER:

Dustin McLellan is a federal prisoner, serving a 180-month sentence for possession of a firearm by a convicted felon. He has filed a motion for a certificate of appealability ("COA"), to appeal the district court's denial of his 28 U.S.C. § 2255 motion, and he also requests leave to proceed *in forma pauperis* ("IFP") on appeal. He filed a § 2255 motion, an addendum to that motion, and several motions to amend or add claims that cumulatively appeared to raise 21 claims for relief. The original motion and addendum raised these nine claims:

(1) he "was sentenced under the [Armed Career Criminal Act ('ACCA')] guidelines which [he was] not now and [his] criminal history [III] not at [VI]";

(2) the ACCA unconstitutionally barred the sentencing court from considering a downward departure under U.S.S.G. § 5K2;

(3) the sentencing court erroneously relied on testimony regarding his conduct while detained at the Escambia County jail, and trial counsel was ineffective for failing to object to the court's reliance on this testimony;

(4) the government sought a superseding indictment, adding new charges, in retaliation for McLellan's decision to proceed to trial;

(5) trial counsel failed to object to the government's "very unfounded [and] prejudicial remark at closing argument that . . . [McLellan] was a 'weapon [him]self' without anything to base it on" and trial testimony "about [three] anxiety meds that [McLellan] had a valid prescription for";

(6) counsel failed to introduce at sentencing "a letter from company owner and contractor, Donnie Fuqua, detailing [McLellan's] employment";

(7) "the sole person to testify" against McLellan was a friend of his, who was pressured to perjure himself;

(8) his supervised release exceeded the statutory maximum; and

(9) the indictment violated the Double Jeopardy Clause because it charged two offenses that had the same elements;

In order to obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denied a motion to vacate on substantive grounds, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that the issues "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denied a claim on procedural grounds, the movant must show that reasonable jurists would

debate whether: (1) the motion states a valid claim alleging the denial of a constitutional right; and (2) the district court's procedural ruling was correct. *Id.* at 478.

Here, reasonable jurists would debate whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc) by failing to address Claim 2. Jurists would also debate whether the district court erred in declining to consider the claims in McLellan's motions to amend or add claims, as some of those claims arguably related back to the claims in the initial § 2255 motion.

However, reasonable jurists would not debate the denial of the remaining claims. The district court correctly concluded that Claims 1 and 3 were procedurally barred because this Court previously had decided those issues against McLellan on direct appeal. *See Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). Similarly, the district court correctly concluded that Claims 4 and 7-9 were procedurally defaulted because they were available to McLellan on direct appeal, and he failed to raise them. *Fordham v. United States*, 706 F.3d 1345, 1349 (11th Cir. 2013).

Finally, reasonable jurists would not debate the district court's conclusion that McLellan's two properly raised claims of ineffective assistance of counsel were meritless. The prosecutor's statements at closing argument were proper, and, thus, McLellan's attorney was not deficient for failing to object to them. *See Chandler*

*v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Because McLellan was sentenced to a mandatory minimum sentence, he could not have been prejudiced by his attorney's failure to introduce mitigating evidence at sentencing. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Accordingly, McLellan's motion for a COA is GRANTED as to these two issues:

(1) Whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), in denying McLellan's 28 U.S.C. § 2255 motion without addressing his claim that the Armed Career Criminal Act unconstitutionally barred the sentencing court from considering a downward departure under U.S.S.G. § 5K2;

(2) Whether the district court erred in concluding that the claims, raised in McLellan's April 14, 2022, motion to amend his motion to vacate, were untimely, where those claims arguably related back to the sentencing claims raised in McLellan's initial § 2255 motion.

Because McLellan is indigent, and because the appeal would not be frivolous, his motion for IFP status is likewise GRANTED. *See* 28 U.S.C. § 1915.

/s/ Adalberto Jordan
UNITED STATES CIRCUIT JUDGE