No. 22-13589

# In The United States Court Of Appeals For The Eleventh Circuit

————————————

**DUSTIN LEE MCLELLAN,**

*Petitioner-Appellant*,

v.

**UNITED STATES OF AMERICA,**

*Respondent-Appellee.*

————————————

On Appeal from the United States District Court
for the Southern District of Alabama
No. 1:20-cv-00469-KD-N (Hon. Kristi K. DuBose)

————————————————

**OPENING BRIEF FOR PETITIONER-APPELLANT
DUSTIN LEE MCLELLAN**

————————————————

Sakina J. Haji
Hasala K. Ariyaratne
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
sakina.haji@lw.com

March 17, 2025

*Counsel for Petitioner-Appellant Dustin Lee McLellan*

*Dustin Lee McLellan v. United States*, No. 22-13589

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Petitioner-Appellant Dustin Lee McLellan certifies that the following individuals or entities have or may have an interest in the outcome of this case:

- Ariyaratne, Hasala K., Counsel for Petitioner-Appellant

- Bedwell, Gloria A., Assistant United States Attorney

- Bodnar, Christopher J., Assistant United States Attorney

- Brown, Christina J., U.S. Department of Justice Antitrust Division

- Costello, Sean P., United States Attorney

- DuBose, Hon. Kristi K., United States District Judge

- Haji, Sakina J., Counsel for Petitioner-Appellant

- Latham & Watkins LLP, Counsel for Petitioner-Appellant

- Lewis, Megan, U.S. Department of Justice Antitrust Division

- Madden, Peter J., Assistant Federal Defender

- May, George F., Assistant United States Attorney

- McLellan, Dustin L., Petitioner-Appellant

- Moore, Richard W., United States Attorney

- Nelson, Hon. Katherine P., United States Magistrate Judge

- Rogers, Kristen G., Assistant Federal Defender

*Dustin Lee McLellan v. United States*, No. 22-13589

- Vincent-Tripp, Marjorie, Assistant United States Attorney

- United States Attorney Service, Southern District of Alabama

No publicly traded company or corporation has an interest in the outcome of this case.


Dated:  March 17, 2025                    Respectfully submitted,

                                          */s/ Sakina J. Haji*
                                          Sakina J. Haji
                                          Hasala K. Ariyaratne
                                          LATHAM & WATKINS LLP
                                          555 Eleventh Street, NW
                                          Suite 1000
                                          Washington, DC 20004
                                          (202) 637-2200
                                          sakina.haji@lw.com

                                          *Counsel for Petitioner-Appellant*
                                          *Dustin Lee McLellan*

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner-Appellant Dustin Lee McLellan requests oral argument.  This case arises from a complex factual and procedural record, and it involves important questions about habeas procedure.  This Court appointed counsel to brief those questions.  And resolving them requires a thorough examination of McLellan's pro se habeas filings in the district court.  Oral argument will significantly aid the Court's decisional process in this case.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ................................................................... C-1

STATEMENT REGARDING ORAL ARGUMENT ................................................ i

TABLE OF AUTHORITIES ................................................................... iv

INTRODUCTION ............................................................................... 1

STATEMENT OF JURISDICTION ........................................................ 4

STATEMENT OF THE ISSUES .............................................................. 4

STATEMENT OF THE CASE ................................................................. 5

    A.    McLellan's Sentencing And Direct Appeal ........................................ 5

        1.    The District Court Determines That McLellan Is An Armed Career Criminal And Imposes A Mandatory-Minimum Sentence ................................................................. 5

        2.    On Direct Appeal, This Court Declines to Decide Whether McLellan Is An Armed Career Criminal .................................. 9

        3.    The District Court Amends Its Sentence To Impose An Alternative Sentence .................................................... 10

    B.    The 28 U.S.C. § 2255 Proceedings .................................................. 11

        1.    McLellan Seeks Habeas Corpus Relief .................................... 11

        2.    The District Court Denies Habeas Relief ................................. 16

        3.    McLellan Appeals And This Court Grants A Certificate of Appealability .......................................................... 18

STANDARD OF REVIEW .................................................................... 19

SUMMARY OF ARGUMENT ................................................................ 19

ARGUMENT ..................................................................................23

I.   THE DISTRICT COURT VIOLATED *CLISBY V. JONES* .........................23

     A.   *Clisby* Required The District Court To Resolve All Of
          McLellan's Constitutional Claims ......................................................23

     B.   McLellan Claimed That The District Court's Failure to Consider
          A Downward Departure Under U.S.S.G. § 5K2 Due To ACCA's
          Mandatory Minimum Violated Due Process........................................26

     C.   The District Court Failed To Resolve This Claim ..............................30

II.  THE DISTRICT COURT FAILED TO ADDRESS MCLELLAN'S
     CLAIMS THAT RELATED BACK TO THE CLAIMS RAISED IN
     HIS TIMELY SECTION 2255 FILINGS .....................................................34

     A.   Claims Relate Back When They Are Tied To A Common Core
          Of Operative Facts.............................................................................34

     B.   The District Court Did Not Expressly Analyze Relation Back ..........35

     C.   The District Court Failed To Address Several Arguments That
          Related Back To McLellan's Timely-Filed Claims ...........................36

          1.   No opportunity to defend against upward departure ...............36

          2.   No consideration of correct Guidelines range or downward
               departure...............................................................................38

          3.   No opportunity to present mitigating evidence .......................42

          4.   Failure to avoid sentencing disparities....................................42

          5.   Ineffective assistance of counsel for failure to object to the
               district court's inadequate explanations at sentencing.............44

CONCLUSION ................................................................................47

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Battle v. Secretary, Department of Corrections*,
   339 F. App'x 950 (11th Cir. 2009) .......................................................33

*Clay v. United States*,
   537 U.S. 522 (2003).............................................................................10

*Clisby v. Jones*,
   960 F.2d 925 (11th Cir. 1992) ......................................................*passim*

*Compulife Software Inc. v. Newman*,
   959 F.3d 1288 (11th Cir. 2020) .........................................................33

*Dean v. United States*,
   278 F.3d 1218 (11th Cir. 2002) ....................................................41, 43

*Dupree v. Warden*,
   715 F.3d 1295 (11th Cir. 2013) ...............................19, 25, 26, 29, 33

*Erickson v. Pardus*,
   551 U.S. 89 (2007)...............................................................................23

*Gall v. United States*,
   552 U.S. 38 (2007)...................................................................2, 33, 40

*Green v. Nelson*,
   595 F.3d 1245 (11th Cir. 2010) .....................................................25, 28

*Long v. United States*,
   626 F.3d 1167 (11th Cir. 2010) .........................................................35

*Lords Landing Village Condominium Council of Unit Owners v.
   Continental Insurance Co.*,
   520 U.S. 893 (1997).............................................................................36

*Mayle v. Felix*,
   545 U.S. 644 (2005).......................................................................*passim*

**Page(s)**

*Montemoino v. United States*,
   68 F.3d 416 (11th Cir. 1995) .......................................................17, 30

*Moore v. Baker*,
   989 F.2d 1129 (11th Cir. 1993) ............................................................35

*Mungin v. Secretary, Florida Department of Corrections*,
   89 F.4th 1308 (11th Cir.), *cert. denied*, 145 S. Ct. 305 (2024) ..................19, 45

*Pruitt v. United States*,
   274 F.3d 1315 (11th Cir. 2001) ............................................................38

*Rhode v. United States*,
   583 F.3d 1289 (11th Cir. 2009) ...............................................24, 26, 29

*Rosales-Mireles v. United States*,
   585 U.S. 129 (2018)..............................................................................32

*Smith v. Secretary, Department of Corrections*,
   572 F.3d 1327 (11th Cir. 2009) ............................................................25

*Tannenbaum v. United States*,
   148 F.3d 1262 (11th Cir. 1998) ............................................................23

*Termitus v. Secretary, Florida Department of Corrections*,
   667 F. App'x 303 (11th Cir. 2016) .......................................................29

*Townsend v. Burke*,
   334 U.S. 736 (1948)..............................................................31, 33

*United States v. Brown*,
   879 F.3d 1231 (11th Cir. 2018) ............................................................17

*United States v. Keene*,
   470 F.3d 1347 (11th Cir. 2006) ........................................................9, 31

*United States v. McLellan*,
   958 F.3d 1110 (11th Cir. 2020) ...........................................2, 9, 10, 31

*United States v. Paslay*,
   971 F.2d 667 (11th Cir. 1992) .......................................................33, 37

**Page(s)**

*United States v. Pena-Hermosillo*,
   525 F.3d 1108 (10th Cir. 2008) .........................................................................33

*United States v. Shaw*,
   957 F.3d 734 (7th Cir. 2020) ...................................................................16, 39

*United States v. Souphanthog*,
   793 F. App'x 877 (11th Cir. 2019) .............................................................13, 43

*United States v. Wright*,
   642 F.3d 148 (3d Cir. 2011) ...............................................................................33

*Williams v. Florida Departement of Corrections*,
   391 F. App'x 806 (11th Cir. 2010) ....................................................................29

**STATUTES**

18 U.S.C. § 922(g)(1)...........................................................................................5

18 U.S.C. § 924(e)(1)...........................................................................................6

18 U.S.C. § 924(e)(2)(A) .....................................................................................7

18 U.S.C. § 3553(c)(2)........................................................................................33

28 U.S.C. § 1291 ...................................................................................................4

28 U.S.C. § 2253(c)(1)(B) ...................................................................................4

28 U.S.C. § 2255(a) ..............................................................................................4

28 U.S.C. § 2255(f).............................................................................................16

28 U.S.C. § 2255(f)(1) .......................................................................................34

**Page(s)**

**OTHER AUTHORITIES**

Fed. R. App. P. 4(a)(1)(B) ...................................................................................4

Fed. R. App. P. 4(c)(1)..........................................................................................4

Fed. R. Civ. P. 15(c)............................................................................................34

Fed. R. Civ. P. 15(c)(1)(B) ....................................................35

Sup. Ct. R. 13.1 ......................................................................10

U.S.S.G. ch. 5, pt. A (U.S. Sent'g Comm'n 2016) ..................6

U.S.S.G. § 4B1.4(b)(3)(A) ......................................................6

U.S.S.G. § 4B1.4(c)(2)..............................................................6

U.S.S.G. § 5K2..................................................................*passim*

## INTRODUCTION

Dustin Lee McLellan is currently serving a 15-year sentence in federal prison. The district court imposed that sentence—the mandatory minimum under the Armed Career Criminal Act (ACCA)—after determining that McLellan qualified as an "armed career criminal." Before adjourning McLellan's sentencing hearing, the district court stated that even if it had incorrectly determined that McLellan was an armed career criminal, it would still have sentenced him to an aggregate prison term of 15 years. In making that statement, the district court did not consider what imprisonment range would be recommended under the Sentencing Guidelines if McLellan was not an armed career criminal—even though that range would have been much less than 15 years. Nor did it consider any factors that would counsel in favor of a downward departure from that sentence. And to top it off, the district court attempted to justify its sentence by referring to an incident that it mentioned to the parties for the first time at McLellan's sentencing hearing and that was not included in McLellan's presentence investigation report.

On direct appeal of his conviction and sentence, McLellan challenged the district court's determination that he was an armed career criminal. This Court declined to decide that issue. It instead relied on the district court's alternative holding—that it would have sentenced McLellan to 15 years of imprisonment regardless of whether he was an armed career criminal—to affirm. This Court did

not determine whether the district court's alternative holding was procedurally proper. Rather, it "review[ed] McLellan's sentence to ensure only that it was substantively reasonable." *United States v. McLellan*, 958 F.3d 1110, 1116 (11th Cir. 2020). Following this Court's decision, the district court amended its sentence to make clear that it had sentenced McLellan to 15 years' imprisonment regardless of whether he was an armed career criminal who was statutorily required to receive that punishment.

McLellan moved to vacate his sentence under 28 U.S.C. § 2255, arguing that the district court committed numerous procedural violations in imposing its alternative sentence, thereby depriving McLellan of due process. In his initial habeas motion and four subsequent motions to add to or amend that motion, McLellan argued that the district court never "correctly calculat[ed] the applicable Guidelines range"—the "starting point and the initial benchmark" of all sentencing proceedings—if McLellan was not an armed career criminal. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). It never considered factors that would have counseled in favor of a downward departure under the Guidelines if ACCA's mandatory-minimum sentence did not apply. And it departed upward from the correct Guidelines range based on an incident it mentioned for the first time at the sentencing hearing, allowing McLellan no proper opportunity to defend against that departure.

The district court denied McLellan's motion, but without addressing any of his objections to the alternative sentence. It instead merely held that McLellan was an armed career criminal—even after expressly recognizing that this Court's decision on direct appeal had never determined whether McLellan qualified for that designation, because it had instead upheld his sentence on non-ACCA grounds.

The upshot of the district court's decision is that no court has reviewed whether McLellan's sentence is procedurally reasonable and compliant with due process. The district court initially sentenced him as an armed career criminal under ACCA. And when he challenged that designation on direct appeal, this Court's only answer was that it did not matter whether he was an armed career criminal because his sentence was substantively reasonable, regardless of whether he was subject to ACCA. So then McLellan challenged that rationale on procedural grounds in his 28 U.S.C. § 2255 motion, and the district court's only answer was that those issues did not matter either because he qualified as an armed career criminal under ACCA.

This Court correctly granted McLellan a certificate of appealability to determine whether the district court erred in failing to address McLellan's procedural claims. It did. The court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), when it failed to consider McLellan's claim that its procedural errors, including its failure to consider factors that warranted a downward departure, amounted to a violation of due process. And it failed to comply with Federal Rule

of Civil Procedure 15 when it ignored McLellan's claims in his subsequent motions that related back to the sentencing claims in his initial timely habeas motion.

This Court should vacate the district court's decision and remand for consideration of McLellan's unaddressed claims.

## STATEMENT OF JURISDICTION

McLellan filed his initial 28 U.S.C. § 2255 motion on September 8, 2020. Doc. 136.  The district court had jurisdiction to decide that motion.  *See* 28 U.S.C. § 2255(a).  On August 4, 2022, the district court entered a final judgment denying McLellan's Section 2255 motion and related motions.  Docs. 169, 170.  On October 1, 2022, McLellan timely filed a notice of appeal.  Doc. 172; *see* Fed. R. App. P. 4(a)(1)(B), (c)(1); Declaration of Dustin Lee McLellan ("McLellan Decl.") ¶¶ 3-4, Exhibit A to Mot. for Leave to File Declaration Pursuant to Fed. R. App. P. 4(c)(1)(B), filed concurrently on Mar. 17, 2025.  This Court granted McLellan a certificate of appealability on two issues.  ECF No. 17-2.  This Court has jurisdiction to review the certified issues.  *See* 28 U.S.C. §§ 1291, 2253(c)(1)(B).

## STATEMENT OF THE ISSUES

1.   Whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), when it denied McLellan's 28 U.S.C. § 2255 motion without addressing his claim that the Armed Career Criminal Act unconstitutionally barred the sentencing court from considering a downward departure under United

States Sentencing Guidelines Manual § 5K2 (U.S. Sent'g Comm'n 2016) ("U.S.S.G.").

2.    Whether the district court erred in concluding that the claims raised in McLellan's April 14, 2022 motion to amend his 28 U.S.C. § 2255 motion were untimely, where those claims arguably related back to the sentencing claims raised in McLellan's initial Section 2255 motion.

## STATEMENT OF THE CASE

### A.    McLellan's Sentencing And Direct Appeal

Dustin Lee McLellan is a federal prisoner serving a 180-month sentence for possessing a firearm while being a felon.  A jury found McLellan guilty of that offense, in violation of 18 U.S.C. § 922(g)(1), as charged in Count One of a superseding indictment.  Doc. 55.[1]  McLellan then pleaded guilty to Count Two, which charged the same offense.  Doc. 83.

### 1.    The District Court Determines That McLellan Is An Armed Career Criminal And Imposes A Mandatory-Minimum Sentence

Prior to McLellan's sentencing, the Probation Office's presentence investigation report ("PSR") determined that McLellan qualified as an armed career

---

[1]    "Doc. __" refers to Case No. 1:17-cr-00093-KD-N (S.D. Ala.).  Per the clerk's office for the United States District Court for the Southern District of Alabama, Case No. 1:17-cr-00093-KD-N contains the substantive documents corresponding to Case No. 1:20-cv-00469-KD-N (S.D. Ala.).

criminal because he had "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1); *see* Doc. 91, pg. 8. The PSR's determination was based on McLellan's two previous convictions for first degree burglary and one previous conviction for second degree attempted unlawful manufacture of a controlled substance, all under Alabama law. Doc. 92, pg. 1. As a result of the armed career criminal designation, the PSR concluded that the Armed Career Criminal Act (ACCA) required a mandatory-minimum sentence of 15 years. Doc. 91, pgs. 8, 20; *see* 18 U.S.C. § 924(e)(1). That designation also enhanced McLellan's offense level from 24 to 34 and criminal history category from IV to VI under the Sentencing Guidelines, resulting in a recommended imprisonment range of 262 to 327 months. Doc. 91, pgs. 8, 14, 20; *see* U.S.S.G. § 4B1.4(b)(3)(A), (c)(2). Without the armed career criminal enhancement, McLellan's recommended imprisonment range would have been no more than 77 to 96 months. *See* U.S.S.G. ch. 5, pt. A.

McLellan objected to the armed career criminal designation, explaining that his first degree burglary convictions were not predicate offenses for purposes of ACCA's sentence enhancement because Alabama's first degree burglary statute criminalized more conduct than "generic burglary." Doc. 96, pgs. 3-4. He also explained that his conviction for attempted manufacture of a controlled substance was not a "serious drug offense" under ACCA because "the maximum sentence

which he could have received for the offense was 97 months, less than the 'maximum term of imprisonment of 10 years or more' required to qualify as a predicate § 924(e) offense." Doc. 103, pg. 2; *see* 18 U.S.C. § 924(e)(2)(A). McLellan then requested elimination of a four-level increase in his offense level imposed under U.S.S.G. § 2K2.1(b)(6)(B), and a downward departure from the Guidelines' range pursuant to U.S.S.G. § 5K2.10. Doc. 103, pg. 2.

McLellan underwent a psychiatric evaluation prior to sentencing, and the district court found him competent to proceed. Doc. 102. At the sentencing hearing, the district court noted that the probation office had provided "a guideline range of 262 months to 327 [months]" and "a required 15-year mandatory minimum." Doc. 129, pg. 2. It then overruled McLellan's objections to the armed career criminal designation and to the four-level increase in his offense level. *Id.*, pgs. 2, 12, 14-15. After recounting McLellan's criminal history, the court noted that "[t]here's something else out there that I'm considering that's not in this [PSR]." *Id.*, pgs. 17-18. The court discussed its knowledge of a recent "altercation at the prison" reported to it by the Probation Office, in which McLellan allegedly took "some kind of homemade knife and stabb[ed]" someone. *Id.*, pgs. 17-18. McLellan's counsel explained that he did not "know enough about the facts" of that alleged incident, for which a charge against McLellan was pending, and that McLellan disagreed with the court's characterization of it. *Id.*, pgs. 18-20. He noted that there was "a video of

what happened up there" and that McLellan acted out of "self-preservation." *Id.*, pg. 18-19.

The district court gave McLellan an opportunity to speak, after which the government noted that he sounded "a little bit paranoid." *Id.*, pg. 42. The court then determined that "the mandatory minimum of 15 years appears to be well-warranted" and sentenced McLellan to 15 years' imprisonment for each count, to be served concurrently, followed by five years of supervised release. *Id.*, pg. 44. The court added that "if I have determined that he is a career offender incorrectly, I would still sentence him to 15 years. I would sentence him to 10 years on one and 5 years on the other." *Id.*, pgs. 44-45.

At the end of the hearing, the government asked the court "to clarify that your finding was of the guidelines that were set forth in the presentence report." *Id.*, pg. 46. The court stated "I understand what the guidelines were . . . [a]nd I sentenced him to the mandatory minimum." *Id.* The court added "even if I've incorrectly determined that he is subject to the career offender under the statute, then I would still sentence him to 10 years and 5 years to run consecutive such that a 180 sentence is an appropriate sentence."[2] *Id.* The court then noted that "I understand that there's

---

[2] The district court called the armed career criminal designation "career offender" during the hearing. It clarified at the end that it had meant to say "armed career criminal" instead of "career offender." Doc. 129, pg. 47.

8

not a guideline sentence, but I also found that the 180 months is sufficient . . . to fulfill the sentencing factors under [18 U.S.C. §] 3553." *Id.*

The district court did not address, on the record, what sentence would have been recommended under the Sentencing Guidelines if ACCA's armed career criminal designation did not apply. Nor did it address McLellan's request for a downward departure under U.S.S.G. § 5K2.

### 2.    On Direct Appeal, This Court Declines to Decide Whether McLellan Is An Armed Career Criminal

On direct appeal, McLellan challenged his conviction and sentence. As relevant, McLellan again explained that ACCA's armed career criminal designation did not apply and requested that this Court remand his case for resentencing. Appellant's Br. 17-26, 34, *United States v. McLellan*, No. 18-13289 (11th Cir. Nov. 9, 2018), ECF No. 17.

This Court "decline[d] McLellan's invitation to wade into the depths of evaluating the applicability of the ACCA." *McLellan*, 958 F.3d at 1116. Because "the district court would have imposed the same 180-month sentence regardless of whether the mandatory minimum applied," this Court concluded that it was "unnecessary" to decide whether McLellan was an armed career criminal. *Id.* (citing *United States v. Keene*, 470 F.3d 1347, 1348 (11th Cir. 2006)).

The Court reviewed McLellan's sentence "to ensure only that it was substantively reasonable" and determined that it "was not substantively

9

unreasonable" in light of the PSR's recounting of McLellan's prior offenses and the district court's knowledge of the prison altercation incident that was not in the PSR. *Id.* at 1116-17.  Like the district court, this Court did not consider what McLellan's Guideline range would have been if the armed career criminal designation did not apply.

This Court affirmed McLellan's conviction and sentence, and remanded the case "for clarification of the judgment to reflect the sentence the district court said it would have imposed if the Armed Career Criminal Act did not apply."  *Id.* at 1120. This Court's decision issued on May 6, 2020.  *Id.* at 1110.  Because McLellan did not seek Supreme Court review of this Court's decision, his conviction and sentence became final on August 4, 2020, when the time for seeking such review expired.  *See Clay v. United States*, 537 U.S. 522, 532 (2003); Sup. Ct. R. 13.1.

### 3.    The District Court Amends Its Sentence To Impose An Alternative Sentence

On remand, the district court issued an order amending McLellan's sentence as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 180 months as to each of Counts One and Two, said terms to run concurrently; or in the alternative, 120 months as to Count One and 60 months as to Count Two, said terms to be served consecutively.

Doc. 134.  The court issued an amended judgment on July 10, 2020.  Doc. 135.

## B.      The 28 U.S.C. § 2255 Proceedings

### 1.      McLellan Seeks Habeas Corpus Relief

On September 8, 2020, McLellan filed a timely pro se motion to vacate his sentence under 28 U.S.C. § 2255.  Doc. 136.  As relevant to this appeal, McLellan asserted three grounds for relief with respect to his sentence: (1) his Sentencing Guidelines range was not calculated correctly without the armed career criminal enhancement; (2) the district court did not consider a downward departure under U.S.S.G. § 5K2 because of its view that ACCA's mandatory-minimum sentence applied; and (3) the district court erred in relying heavily on the prison altercation incident at Escambia County Jail, which an Escambia County grand jury later concluded had occurred as a result of "self defense."  *Id.*, pgs. 4-7.  McLellan also claimed that the government improperly filed the superseding indictment, that he received ineffective assistance of counsel, and that certain testimony presented at his trial was false.  *Id.*, pgs. 8-14.

On December 21, 2020, McLellan filed a timely pro se "addendum" to his Section 2255 motion.  Doc. 143.  In this filing, he added "a few more grounds" for relief.  *Id.*, pg. 1.  As relevant, he challenged his supervised release term as "exceed[ing] the statutory maximum."  *Id.*  He also argued that he was not given an opportunity to object to the district court's imposition of consecutive terms of imprisonment in its alternative sentence; that the only ground for upward departure

was the prison altercation incident, which the district court would have understood as self-defense if it had watched a video of the incident; and that the district court should have considered a downward departure but did not because of ACCA. *Id.*, pgs. 1-2. McLellan noted that after watching a video of the prison altercation incident, an Escambia County grand jury had concluded that "no crime had been committed." *Id.*, pg. 2. McLellan also noted that the consecutive terms of imprisonment exceeded the top of his correct Guidelines range, and the above-Guidelines sentence was unwarranted in light of the non-violent nature of his crimes. *Id.*, pgs. 2-3. And he suggested that the consecutive terms violated the Constitution's Double Jeopardy and Due Process Clauses. *Id.*, pg. 5. Finally, he asked the court to sentence him under a correct Guidelines calculation without the armed career criminal enhancement, "like the many others that I have witnessed in the same circumstances and with the same or similar factors." *Id.*, pgs. 6-7.

Following the government's response to his Section 2255 motion and addendum, McLellan filed a pro se reply. Doc. 154. As relevant, he "clarif[ied]" there that the district court's alternative sentence violated due process because it failed to account for "a variety of different factors" that the court should have considered if ACCA's mandatory minimum did not apply, and that the alternative sentence should have been run concurrently with a maximum supervised release term of three years. *Id.*, pgs. 1-2. McLellan argued that the district court at least

12

should have held a hearing on remand to correct the errors in its alternative sentence. *Id.*, pg. 1.  McLellan also reiterated that his sentence suffered from an unwarranted disparity compared to that of "similarly situated defendants."  *Id.*, pg. 6.  He cited *United States v. Souphanthog*, 793 F. App'x 877 (11th Cir. 2019) (per curiam), and explained that the defendant in that case was sentenced to consecutive 84-month sentences for two convictions under 18 U.S.C. § 922(g) by the same district court judge, even though that defendant had a far more violent criminal history including murder and attempted murder.  Doc. 154, pg. 6.

On March 15, 2022, McLellan filed a pro se "motion for addendum . . . on 2255 motion."  Doc. 165.  In that filing, McLellan "summarize[d] and clarif[ied]" the arguments set forth in his earlier submissions.  *Id.*, pg. 1.  He reiterated that the district court's alternative sentence should have been premised on a correct Guidelines calculation that excluded the armed career criminal enhancement, that it should have accounted for a downward departure under U.S.S.G. § 5K2, that he should have been allowed to object to the consecutive sentence, and that the district court should not have considered the prison altercation incident for the first time at his sentencing hearing without any prior notice.  *Id.*, pgs. 1-2.  McLellan also asked the district court to provide him "some type [of] information as to what is going on or being done in my case" since he filed his habeas motion "over 18 months" ago. *Id.*, pg. 2.

On April 14, 2022, McLellan filed a pro se "motion to amend 2255 motion." Doc. 166. As relevant, he alleged several errors that the district court committed with respect to his sentence:

1) The district court violated due process and abused its discretion by failing to provide notice and an opportunity to defend against any upward departure. *Id.*, pgs. 2, 5-6.

2) It violated due process by not giving him an opportunity to object to the imposition of a consecutive sentence. *Id.*, pg. 2.

3) It did not consider a downward departure based on his intellectual disabilities and prescribed medications for psychological issues. *Id.*, pgs. 2-4.

4) It did not calculate what the Guidelines' recommended imprisonment range would have been without the armed career criminal enhancement. *Id.*, pgs. 3-4.

5) It did not give him an opportunity to present mitigating evidence. *Id.*, pg. 2.

6) It violated due process, committed procedural error, and abused its discretion by failing to consider the correct Guidelines range and a downward departure when providing its alternative sentence at the sentencing hearing. *Id.*, pgs. 2-5.

14

7) It improperly relied on the prison altercation incident without watching a video of the incident and without providing prior notice of its intent to rely on that incident. *Id.*, pgs. 5-6.

8) It violated due process by failing to hold a resentencing hearing on remand. *Id.*, pgs. 8, 10.

9) It abused its discretion by failing to avoid unwarranted sentencing disparities. *Id.*, pg. 10.

10) Its procedural errors prejudiced him by giving him a higher sentence than warranted. *Id.*, pg. 8.

McLellan also alleged that he received ineffective assistance of counsel at trial and on direct appeal. *Id.*, pgs. 6-7, 9, 11-12, 13, 14. In particular, he argued that his counsel should have objected at sentencing and required the court to provide more explanation for its rulings. *Id.*, pgs. 11-12.

On May 11, 2022, McLellan filed a pro se "motion to add grounds on 2255." Doc. 168. He raised two additional ineffective assistance of counsel claims in this filing, in particular alleging that his lawyer should have objected to the district court's consideration of the prison altercation incident at sentencing and that he should have raised this issue on appeal. *Id.*, pgs. 3-4, 6. McLellan argued that the district court's reliance on that incident, which had not been proven and for which charges were later dropped, was greatly prejudicial. *Id.*, pgs. 3-4. McLellan attached

*United States v. Shaw*, 957 F.3d 734 (7th Cir. 2020), and explained that the district court's statement that it would "still sentence [him] to the same 15 [years] is not harmless" and should have been "more than just a statement and actually have grounds supporting it." Doc. 168, pgs. 6-7; Doc. 168-2. McLellan also reiterated that the district court's alternative sentence violated due process and did not comply with the Sentencing Guidelines. Doc. 168, pgs. 6-7, 10.

In total, McLellan filed five motions. Two of those—his initial habeas motion and his first "addendum" to that motion—were timely filed within one year of his conviction becoming final. The remaining three motions to amend or add to his initial habeas motion were all filed in 2022, more than one year after his conviction became final.

### 2.     The District Court Denies Habeas Relief

On August 4, 2022, the district court denied relief on all claims in a single order. Doc. 169. The court first noted that McLellan's three motions filed in 2022 fell outside the one-year limitations period in which habeas petitions must be filed. *Id.*, pg. 5; *see* 28 U.S.C. § 2255(f). It then stated that it would "consider the arguments raised in these motions only to the extent they relate back to grounds originally raised in McLellan's timely 2255 Motion and Addendum." Doc. 169, pg. 7. The court did not specify which particular arguments it viewed or did not view as relating back. The court also stated that the arguments McLellan raised for the

first time in his reply to the government's response were waived, but it did not specify which particular arguments it viewed as being waived.  *Id.*

The district court rejected the argument that it had been required to hold a new sentencing hearing on remand from McLellan's direct appeal.  *Id.*, pgs. 8-9.  Because its amended judgment was merely a "clarification," as opposed to a "correction or resentencing," the court held that McLellan was not entitled to be present at that stage.  *Id.*, pg. 9 (citing *United States v. Brown*, 879 F.3d 1231 (11th Cir. 2018)).  In a footnote, the court also stated that "a defendant has no right to raise Guidelines sentencing issues in a § 2255 proceeding."  *Id.*, pg. 9 n.4 (citing *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995) (per curiam)).

Turning to McLellan's argument that "his sentencing guideline range was incorrectly calculated," the district court reasoned only that ACCA's mandatory-minimum sentence applied to McLellan.  *Id.*, pgs. 9-12.  The district court proceeded to undertake the ACCA analysis after expressly noting that the Eleventh Circuit "did not address" ACCA's applicability on direct appeal.  *Id.*, pg. 10.  The district court did not provide any justification for its alternative sentence beyond stating that "ACCA applied for [McLellan's] sentencing."  *Id.*, pg. 12.  And it rejected his arguments with respect to his supervised release term and the imposition of consecutive terms of imprisonment for the same reason.  *Id.*, pgs. 15, 16.

The court then rejected McLellan's argument that reliance on the prison altercation incident was improper, stating that the Eleventh Circuit "expressly acknowledged that this Court's consideration of the stabbing incident was proper under § 3553(a)." *Id.*, pg. 12. The district court also rejected McLellan's arguments with respect to errors committed at or prior to his trial, reasoning that those arguments could have been raised on direct appeal and thus were procedurally defaulted. *Id.*, pgs. 12-14. And it rejected the ineffective assistance of counsel claims raised in McLellan's initial habeas motion, without mentioning those included in his later filings. *Id.*, pgs. 17-20.

The district court denied a certificate of appealability and leave to proceed *in forma pauperis* on appeal. *Id.*, pgs. 22-25. It also denied McLellan's motion for appointment of counsel. *Id.*, pgs. 21-22.

### 3.     McLellan Appeals And This Court Grants A Certificate of Appealability

On October 1, 2022, McLellan appealed the district court's denial of his Section 2255 motion. Doc. 172; McLellan Decl. ¶¶ 2-4. This Court granted McLellan leave to proceed *in forma pauperis* and granted a certificate of appealability on two questions:

> 1) Whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), in denying McLellan's 28 U.S.C. § 2255 motion without addressing his claim that the Armed Career Criminal

Act unconstitutionally barred the sentencing court from considering a downward departure under U.S.S.G. § 5K2.

2) Whether the district court erred in concluding that the claims, raised in McLellan's April 14, 2022, motion to amend his motion to vacate, were untimely, where those claims arguably related back to the sentencing claims raised in McLellan's initial § 2255 motion.

ECF No. 17-2, pg. 5.  After the filing of McLellan's pro se opening brief and the government's response brief, this Court granted McLellan's motion for appointment of appellate counsel and restarted the briefing schedule.  ECF Nos. 25, 29, 39-2.

## STANDARD OF REVIEW

This Court "review[s] de novo issues of law presented in a certificate of appealability." *Dupree v. Warden*, 715 F.3d 1295, 1298 (11th Cir. 2013).  It accordingly "review[s] de novo the legal question of whether the district court violated the rule announced in *Clisby*." *Id*. at 1299-1300.  It also "decide[s] relation back questions *de novo*." *Mungin v. Sec'y, Fla. Dep't of Corr.*, 89 F.4th 1308, 1321 (11th Cir.), *cert. denied*, 145 S. Ct. 305 (2024).

## SUMMARY OF ARGUMENT

The district court violated *Clisby* and Federal Rule of Civil Procedure 15 when it failed to address several claims raised in McLellan's Section 2255 filings.  This

Court should vacate the district court's decision and remand for consideration of McLellan's unaddressed claims.

I.      In *Clisby*, this Court made clear that a district court's decision must be vacated and remanded if it fails to resolve all constitutional claims for relief raised in a habeas petition. 960 F.2d at 936. That is exactly what the district court did here when it failed to consider McLellan's claim that the manner in which the district court imposed its alternative sentence, and in particular its failure to consider a downward departure, violated due process.

In his initial habeas motion, McLellan explained that the district court "was not allowed to consider 5K2 factors that w[ere] and still are warranted, because of the Armed Career Criminal Act mandatory minimum." Doc. 136, pg. 5. He also asserted that the district court never considered a correct Guidelines calculation before imposing its alternative non-ACCA sentence. *Id.*, pg. 4. And he noted that the district court improperly relied on the prison altercation incident at Escambia County Jail. *Id.*, pg. 7. In nearly every paper he filed after that, McLellan continued to assert those claims, noting that in imposing its alternative sentence, the district court failed to consider the Guidelines or factors that counseled in favor of a downward departure, such as his "intellectual disabilities" and "psychological issues." Doc. 166, pg. 2. He argued that "Due Process was violated" by, among other things, the district court's failure to consider a downward departure because of

20

its view that he was an armed career criminal. Doc. 154, pg. 1. Construing McLellan's pro se filings liberally—as this Court must—it is clear that he stated a constitutional claim for relief premised on the district court's procedural errors at sentencing, and in particular its failure to consider a downward departure under U.S.S.G. § 5K2.

The district court provided no answer to this claim. Its opinion does not address or even mention U.S.S.G. § 5K2. And its analysis that ACCA's mandatory minimum applied to McLellan does not suffice to address his claim that the court was required to provide more process and consider a correct Guidelines calculation and a downward departure in imposing its *alternative* sentence premised on the assumption that the court's ACCA analysis was wrong. Regardless of the merits of McLellan's claim, the district court's failure to address it at all requires remand under *Clisby*.

II.    The district court also failed to comply with Federal Rule of Civil Procedure 15(c) when it failed to consider McLellan's claims in his later motions that related back to his initial habeas motion. McLellan filed a timely habeas motion and a timely addendum to that motion. He then filed three further motions to add to or amend his initial habeas motion. Those three motions were filed outside Section 2255's one-year limitations period. But under Rule 15(c), the district court was

nevertheless required to resolve McLellan's claims in those motions to the extent that they related back to the claims in his timely filings.

Although the district court noted the standard for relation back, it did not expressly apply that standard. Failure to undertake the relation-back analysis itself warrants vacatur of the district court's decision. Moreover, several of McLellan's claims *do* relate back. Specifically, McLellan's April 14, 2022 "motion to amend," argued that in imposing its alternative sentence, the district court (1) gave him no opportunity to defend against an upward departure based on the prison altercation incident; (2) did not calculate McLellan's Guidelines imprisonment range or consider a downward departure; (3) gave him no opportunity to present mitigating evidence; and (4) failed to avoid unwarranted sentencing disparities. McLellan also raised an ineffective assistance of counsel claim based on his counsel's failure to object to those issues at sentencing and on direct appeal. Each of those claims arose from the "common core of operative facts" in McLellan's habeas filings filed in September 2020 and December 2020, and thus related back to those timely filings. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Yet the district court addressed none of them. This Court should vacate and remand the case so that the district court can address those timely claims for the first time.

## ARGUMENT

## I.     THE DISTRICT COURT VIOLATED *CLISBY V. JONES*

In *Clisby v. Jones*, this Court instructed district courts to resolve all claims for relief raised in a habeas petition, regardless whether habeas relief is granted or denied.  960 F.2d 925, 936 (11th Cir. 1992) (en banc).  And this Court has always abided by the principle that "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").  Liberal construction of McLellan's pro se Section 2255 filings makes clear that he claimed a due process violation, alleging that because the district court determined that he was an armed career criminal, it failed to consider a correct Guidelines calculation and his request for a downward departure under U.S.S.G. § 5K2, among other things, even when it imposed an alternative non-ACCA sentence.  The district court did not address this claim.  It thus violated *Clisby*.

### A.     *Clisby* Required The District Court To Resolve All Of McLellan's Constitutional Claims

*Clisby* involved a state prisoner who raised nineteen constitutional claims for habeas relief.  960 F.2d at 934-35.  The district court dismissed thirteen claims, granted habeas relief on one, and reserved judgment on the remaining five.  *Id.* at

23

935. This Court, sitting en banc, reversed the district court's grant of habeas relief and noted that one of Clisby's other claims arose from the same factual basis, but "he cannot raise it on appeal, and we cannot address it, because the district court has yet to rule on this claim." *Id.* at 934. The Court thus could "do no more than remand the case to the district court to consider all remaining claims." *Id.* at 935. In doing so, the Court noted its "deep concern over the piecemeal litigation of federal habeas petitions," and "exercise[d] [its] supervisory power over the district courts" to "instruct the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), regardless whether habeas relief is granted or denied." *Id.* at 936. Failure to do so, the Court made clear, would require it to "vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

Recognizing that "the legal principles applicable to § 2254 proceedings generally apply to § 2255 motions to vacate," this Court subsequently extended *Clisby*'s mandate to Section 2255 motions. *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (per curiam). Accordingly, the district court here was required to resolve all claims for relief raised in McLellan's Section 2255 motion.

A claim for relief for purposes of *Clisby* "is any allegation of a constitutional violation." 960 F.2d at 936. Even when multiple allegations of constitutional violations arise from the same alleged set of operative facts, each allegation

24

constitutes a separate claim for relief. *Id.* As this Court explained, contemporaneous consideration of constitutional violations, especially when they are grounded in the same set of facts, enables a more thorough review of the claims and enhances the quality of the judicial product. *Id.* A claim must be presented "in clear and simple language such that the district court may not misunderstand it." *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013) (citing *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1352 (11th Cir. 2009)). And the court must liberally construe habeas petitions filed pro se. *Green v. Nelson*, 595 F.3d 1245, 1254 n.4 (11th Cir. 2010).

This Court's application of the rule laid out in *Clisby* is strict. In *Dupree*, for instance, a habeas petitioner raised an ineffective assistance of counsel claim with respect to two lawyers. 715 F.3d at 1297-98. The district court referred Dupree's habeas petition to a magistrate judge, who recommended dismissal of the claim as to one lawyer but failed to address Dupree's allegations as to the other. *Id.* at 1298. Dupree filed objections to the magistrate judge's report and recommendation but failed to mention that his ineffective assistance of counsel claim had not been fully addressed. *Id.* The district court thus "was not put on notice that one of Dupree's claims had not been addressed." *Id.* at 1297. This Court nevertheless vacated the district court's decision. *Id.* at 1299. After "[c]onstruing [Dupree's] petition liberally," the Court concluded that he had presented the claim to the district court, yet the court failed to resolve it. *Id.* It did not matter that Dupree's unaddressed

claim "consist[ed] of two sentences found in the middle of a fifteen-page memorandum attached to Dupree's petition." *Id*. Without district court review of that claim, this Court could not consider its merits and was compelled to remand the case. *Id.*

In *Rhode*, this Court likewise "liberally" parsed a pro se petitioner's statements in his habeas motion and in an attached memorandum to determine that he had sufficiently raised an ineffective assistance of counsel claim that the district court had failed to address. 583 F.3d at 1291-92. This Court accordingly vacated the district court's judgment and remanded the case for consideration of the unaddressed claim. *Id.* at 1292.

### B.  McLellan Claimed That The District Court's Failure to Consider A Downward Departure Under U.S.S.G. § 5K2 Due To ACCA's Mandatory Minimum Violated Due Process

In his initial Section 2255 motion, McLellan stated the "fact[]" that the district court "was not allowed to consider 5K2 factors that w[ere] and still are warranted, because of the Armed Career Criminal Act mandatory minimum." Doc. 136, pg. 5. Put differently, McLellan challenged the district court's failure to consider a downward departure under U.S.S.G. § 5K2 because of its view that ACCA's mandatory-minimum sentence applied to McLellan. In his "addendum" to his Section 2255 motion, McLellan again stated that several "grounds supported [d]ownward departure which the [district court] could not consider given the

mandatory minimum." Doc. 143, pg. 2. And in his reply to the government's response, McLellan "clarif[ied]" that he "[felt] Due Process was violated" when the district court imposed its alternative sentence "without a hearing" and without considering "a variety of different factors" it could not "under the ACCA." Doc. 154, pg. 1.

In McLellan's later-filed motions to add to or amend his habeas petition, he continued to emphasize that the district court erred when it imposed its alternative sentence—which assumed that McLellan was not subject to ACCA—without considering factors warranting a downward departure and without calculating a Guidelines range that excluded the armed career criminal enhancement. He argued, for instance, that the court was required "to look at PSR and consider any issues that warrant a downward departure such as the four intellectual disabilities I have . . . as well as the doctors report of the medications I was on for the psychological issues." Doc. 166, pg. 2. He noted that the court "never mentioned . . . on the record . . . the 5K2 diminished mental capacity issues that warranted downward departure." *Id.*

With respect to the Guidelines calculation, he stated that "I understand the Court said it would still give me 15 years had it misapplied the 924(e) ACCA enhancement but it still has to properly calculate my correct Guideline range and order a new PSR and refer to and at least consider any grounds that warrant a downward departure." *Id.*, pg. 3; *see also, e.g.*, Doc. 165, pg. 1; Doc. 166, pg. 4

(noting that he was also alleging "procedural error" and "abuse of discretion" but he was "confused and mixed up and do not understand this Law"); Doc. 168, pgs. 6-7 (arguing that the district court's alternative sentence "must be more than just a statement and actually have grounds supporting it").

McLellan also argued that the district court erred by "rel[ying] heavily," Doc. 136, pg. 7, on the prison altercation incident at Escambia County Jail—"the only ground for upward departure" from the correct Guidelines range, Doc. 143, pg. 2. He noted that had the court watched a video of that incident, it would have reached the same conclusion that an Escambia County grand jury later did, that "no crime had been committed" and McLellan acted out of self-defense. *Id.* He argued that at a minimum, he should have been allowed an opportunity to defend against the district court's consideration of that incident. Doc. 165, pgs. 1-2; *see also* Doc. 168, pgs. 3-4 (alleging violation of due process and right to confront accusers based on the district court's consideration of the prison altercation incident).

Taking together McLellan's arguments and construing them liberally—as this Court must, *Green*, 595 F.3d at 1254 n.4—it is clear that he claimed several procedural errors with respect to the district court's imposition of its alternative sentence, including its failure to consider a downward departure under U.S.S.G. § 5K2, and alleged that those errors violated his right to due process. Contrary to the government's view in its first response brief in this Court, McLellan was not

28

merely "challenging the applicability of the ACCA to him." ECF No. 29, pg. 22. In fact, McLellan's arguments with respect to the district court's alternative sentence were based on the same premise underlying that sentence and this Court's opinion on direct appeal—that ACCA *did not apply*.

It does not matter that aspects of McLellan's claim that the district court failed to consider a downward departure due to ACCA appeared in multiple filings. Indeed, in *Dupree* and *Rhode*, this Court held that a pro se petitioner fairly stated a claim for relief even though it was contained in a separate memorandum as opposed to the initial habeas petition. *Dupree*, 715 F.3d at 1299; *Rhode*, 583 F.3d at 1291-92. Here, McLellan's claim was contained in his initial habeas petition and further clarified in his subsequent filings. Doc. 136, pg. 5.

It likewise does not matter that those subsequent filings include his reply to the government's response and his later-filed 2022 motions. The Court may consider a pro se petitioner's further clarification in his reply. *See, e.g.*, *Termitus v. Sec'y, Fla. Dep't of Corr.*, 667 F. App'x 303, 304 (11th Cir. 2016) (per curiam) (looking toward pro se habeas petitioner's reply to understand the arguments presented in his initial habeas petition); *Williams v. Fla. Dep't of Corr.*, 391 F. App'x 806, 810-11 (11th Cir. 2010) (accepting a pro se petitioner's additional facts asserted in his reply when they "served to clarify and expand" an ineffective assistance of counsel claim mentioned in his original petition). And McLellan's arguments that

pertain to this claim in his later-filed 2022 motions relate back to his initial habeas petition because they stem from the same "core of operative facts"—the district court's failure to consider the Sentencing Guidelines or a downward departure in fashioning its alternative sentence. *Mayle v. Felix*, 545 U.S. 644, 664 (2005); *see infra* at 38-41.

### C.     The District Court Failed To Resolve This Claim

The district court never addressed McLellan's claim that its failure to consider a correct Guidelines calculation and a downward departure under U.S.S.G. § 5K2 because of ACCA's mandatory minimum violated his right to due process.

To start, the district court's decision does not address or even mention McLellan's request for a correct Guidelines calculation and a downward departure under U.S.S.G. § 5K2.  In a footnote, the district court stated that "a defendant has no right to raise Guidelines sentencing issues in a § 2255 proceeding."  Doc. 169, pg. 9 (citing *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995)).  But McLellan's due process claim is not merely a "Guidelines sentencing issue[]." McLellan is not raising a technical disagreement with how the district court applied the Sentencing Guidelines; rather, he is asserting that the district court's alternative sentence failed to apply the Guidelines at all and amounted to nothing more than a conclusory statement.  Indeed, the district court itself admitted "that there's not a guideline sentence."  Doc. 129, pg. 46.  As McLellan has repeatedly argued, the

30

procedural shortcomings in the district court's alternative sentence violate the Constitution, not merely the Guidelines. *See, e.g.*, Doc. 154, pg. 1; Doc. 165, pg. 2; Doc. 166, pgs. 2, 3, 15; Doc. 168, pg. 3; *cf. Townsend v. Burke*, 334 U.S. 736, 741 (1948) (holding that "careless or designed pronouncement of sentence" "renders it constitutionally invalid").

In the government's view, the district court's analysis that ACCA's mandatory minimum applied to McLellan sufficed to address his claim that the district court was required to consider a correct Guidelines calculation and a downward departure under U.S.S.G. § 5K2. ECF No. 29, pg. 15. But as explained, McLellan's sentence was not upheld on direct appeal as an ACCA sentence, and McLellan's habeas claim is not based on ACCA. *See supra* at 28-29. On direct appeal, this Court declined to "evaluat[e] the applicability of the ACCA." *United States v. McLellan*, 958 F.3d 1110, 1116 (11th Cir. 2020). In other words, it "assume[d] that there was [an] error" in the district court's ACCA analysis and set that analysis aside. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). It then determined whether McLellan's sentence was nevertheless substantively reasonable and affirmed his sentence only on that basis. *McLellan*, 958 F.3d at 1116-17. McLellan now contends that the district court's alternative sentence suffered so many procedural flaws that it violated due process. The district court's mere return to its view that ACCA's mandatory minimum applies, even after expressly

31

recognizing that this Court "did not address" whether it does, entirely fails to grapple with McLellan's argument.  Doc. 169, pg. 10.[3]

Nor did the district court address McLellan's claim that it erred as a *procedural* matter and violated due process by considering the prison altercation incident at Escambia County Jail and using it to justify its 180-month sentence.  The district court did address one due process argument raised by McLellan—that he should have received another sentencing hearing when this Court remanded his case after direct appeal.  *Id.*, pgs. 8-9.  But the court's rejection of that argument does not address McLellan's distinct claim that the court separately violated due process at his sentencing hearing by failing to consider a correct Guidelines calculation without the armed career criminal enhancement and with a downward departure under U.S.S.G. § 5K2 in imposing its alternative sentence.

Nothing in the  district court's opinion addressed McLellan's claim that its numerous procedural violations, including its failure to consider a downward departure in imposing its alternative sentence, violated McLellan's right to due

---

[3]    To the extent that the district court thought that this Court's substantive-reasonableness holding allowed it to disregard McLellan's claims of procedural error, it was wrong.  *See Rosales-Mireles v. United States*, 585 U.S. 129, 143 (2018) ("Before a court of appeals can consider the substantive reasonableness of a sentence, '[i]t must first ensure that the district court committed no significant procedural error, such as failing to calculate . . . the Guidelines range.'" (first alteration in original) (citation omitted)).

process. The district court's failure to address that claim leaves this Court with no option but to "vacate the district court's judgment" and "remand the case" to permit the district court to consider the merits of McLellan's claim in the first instance. *Clisby*, 960 F.2d at 938.[4]

---

[4] The ultimate merits of McLellan's claim have no bearing on this Court's role under *Clisby*. *See Dupree*, 715 F.3d at 1299; *Battle v. Sec'y, Dep't of Corr.*, 339 F. App'x 950, 954 (11th Cir. 2009) (per curiam) ("[N]othing in *Clisby* indicates that harmless-error analysis should apply when the district court has erred under *Clisby*."). Indeed, this Court cannot consider the merits of a claim until the district court does so in the first instance. *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1309 (11th Cir. 2020). But McLellan's claim is meritorious. It is well established that a district court's alternative sentence must be supported by more explanation than that provided here. *See, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (holding that "a district judge must give serious consideration to the extent of any departure from the Guidelines" and "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing"); *United States v. Wright*, 642 F.3d 148, 154 n.6 (3d Cir. 2011) (disregarding district court's statement that "it would have imposed the same sentence even absent some procedural error" because the court failed to explain "what the Guidelines range would have been" without the error and "why an upward departure or variance would be merited from that range"); *United States v. Pena-Hermosillo*, 525 F.3d 1108, 1117 (10th Cir. 2008) (disregarding district court's alternative sentence when it was supported by nothing more than "a vague statement that the sentence is appropriate under § 3553(a)"); 18 U.S.C. § 3553(c)(2) (requiring courts to provide "specific reason[s]" for imposing a sentence outside the Guidelines). And that a district court must provide prior notice of its intent to depart upward from the Guidelines. *See United States v. Paslay*, 971 F.2d 667, 674 (11th Cir. 1992) (noting that "the right to prior notice of the grounds for an upward departure implicates the due process clause of the Fifth Amendment"). Yet the district court imposed its alternative sentence without such notice and without consideration of a correct Guidelines calculation and a downward departure. Such "careless or designed pronouncement" may render that sentence "inconsistent with due process of law." *Townsend*, 334 U.S. at 741.

## II. THE DISTRICT COURT FAILED TO ADDRESS MCLELLAN'S CLAIMS THAT RELATED BACK TO THE CLAIMS RAISED IN HIS TIMELY SECTION 2255 FILINGS

In addition to violating *Clisby*, the district court also failed to comply with Federal Rule of Civil Procedure 15(c) by ignoring certain claims in McLellan's motions to add to or amend his habeas petition, even though those claims related back to his timely-filed claims.

### A. Claims Relate Back When They Are Tied To A Common Core Of Operative Facts

After McLellan's conviction and sentence became final on August 4, 2020, he had one year to seek habeas relief. *See* 28 U.S.C. § 2255(f)(1). It is undisputed that McLellan's initial Section 2255 motion, filed on September 8, 2020, and his "addendum" to that motion, filed on December 21, 2020, were both timely filed within the one-year limitations period. *See* Doc. 169, pg. 7 (recognizing "McLellan's timely 2255 Motion and Addendum"). McLellan's "motion for addendum," "motion to amend," and "motion to add grounds" that were filed in 2022, however, all fell outside the one-year limitations period. The district court was nevertheless required to resolve the claims raised in those motions to the extent that they related back to McLellan's timely-filed claims. *See* Fed. R. Civ. P. 15(c); *Mayle*, 545 U.S. at 664 (applying Rule 15(c) to habeas petitions).

An amendment to a habeas petition "relates back" to the date of the original petition when it "asserts a claim or defense that arose out of the conduct, transaction,

34

or occurrence set out—or attempted to be set out—in the original [petition]." Fed. R. Civ. P. 15(c)(1)(B). In other words, relation back occurs when "the original and amended petitions state claims that are tied to *a common core of operative facts*." *Mayle*, 545 U.S. at 664 (emphasis added). Such a common core is present when the grounds for relief in the amended petition are supported by facts that are similar in "both time and type" to those the original petition set forth. *Id.* at 650. The "critical issue in Rule 15(c) determinations is whether the original [petition] gave notice to the defendant of the claim now being asserted." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

## B.    The District Court Did Not Expressly Analyze Relation Back

The district court stated the standard for relation back and recognized that it was required to consider the arguments raised in McLellan's 2022 motions to the extent that they related back to grounds raised in his timely motions. Doc. 169, pgs. 5-7. But it never expressly applied the relation back standard to specify which of McLellan's later-filed arguments it viewed as relating back, and which it did not. This Court thus is left to speculate which arguments the district court viewed as untimely based on the arguments it failed to address. The district court's failure to "develop a record sufficient to facilitate . . . meaningful appellate review" itself is a basis to vacate and remand the case and require the district court to complete the relation-back analysis in the first instance. *Long v. United States*, 626 F.3d 1167,

1170 (11th Cir. 2010) (per curiam) (noting that this Court has "long required the district courts" to make "sufficiently clear findings as to the key issues"); *cf. Lords Landing Vill. Condo. Council of Unit Owners v. Cont'l Ins. Co.*, 520 U.S. 893, 896-97 (1997) (per curiam) (noting that a court's summary resolution of an issue "does not establish that it actually considered and rejected" a party's arguments with respect to that issue).

## C. The District Court Failed To Address Several Arguments That Related Back To McLellan's Timely-Filed Claims

McLellan made several arguments in his 2022 motions that related back to his timely habeas motions.  In particular, McLellan argued that in imposing its alternative sentence, the district court failed to (1) provide him an opportunity to defend against upward departure, (2) consider the correct Guidelines range or downward departure, (3) give him an opportunity to present mitigating evidence, and (4) avoid sentencing disparities.  McLellan also asserted that his trial and appellate counsel were ineffective for failing to object to the court's inadequate explanations at sentencing.  Each of these claims arose from the same "common core of operative facts" set forth in McLellan's timely habeas motions.  *Mayle*, 545 U.S. at 664.  Yet the district court mentioned none of these claims, let alone resolve them.

### 1.    No opportunity to defend against upward departure

In his April 14, 2022 "motion to amend," McLellan argued that the district court violated due process and abused its discretion by not giving him an opportunity

36

to prepare a defense against any upward departure the court intended to apply based on the prison altercation incident. *See* Doc. 166, pgs. 2, 5 (Grounds 1, 9, 10). As noted, the armed career criminal enhancement increased McLellan's imprisonment range under the Sentencing Guidelines from 77-96 months to 262-327 months. *See supra* at 5-6. In imposing its alternative sentence, which assumed that McLellan was not an armed career criminal, the district court departed upward from the applicable Guidelines range to impose a sentence *nearly double* the top of the correct range—which the court never expressly calculated. And it specifically mentioned the prison altercation incident at the Escambia County Jail to justify this departure. Doc. 129, pgs. 17-20. Yet the court did not permit McLellan any opportunity to prepare a defense against the court's consideration of this incident, which the court mentioned for the first time at the sentencing hearing. *See United States v. Paslay*, 971 F.2d 667, 673 (11th Cir. 1992) (noting that "a sentencing court may not make an upward departure from the guidelines absent advance notice to the defendant").

In dismissing McLellan's habeas claims, the district court did not address why its consideration of the prison altercation incident at sentencing was proper as a *procedural* matter. It merely noted that this Court on direct appeal had approved the consideration of this incident in holding that McLellan's sentence was *substantively* reasonable. Doc. 169, pgs. 12, 16.

37

The district court's failure to address McLellan's procedural arguments with respect to the prison altercation incident was error because those arguments related back to the facts set forth in his timely-filed motions.  In his initial habeas motion, McLellan explained that the district court erred in relying "heavily" on the alleged incident at Escambia County Jail without reviewing a video of the incident and without considering all the facts surrounding this incident.  Doc. 136, pg. 7.  In his timely-filed "addendum," McLellan explained that the district court failed to recognize that the incident occurred as a result of self defense, and that he was ultimately not charged with any crime as a result.  Doc. 143, pg. 2. All of these facts are what McLellan would have developed and presented to the district court if given an opportunity to do so.  His later claim—that the district court failed to allow him an opportunity to defend against any upward departure that resulted from this incident—arises from the same core of operative facts set forth in his timely-filed motions.  *See Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001) (per curiam) ("[T]he key factor is whether the amended claims arise from the same underlying facts as the original claims.").  Accordingly, this claim related back, and the district court erred by failing to address it.

### 2.     No consideration of correct Guidelines range or downward departure

The district court also failed to address McLellan's arguments that in imposing its alternative sentence, the court was required to calculate what McLellan's

Guidelines range would have been without the armed career criminal enhancement, and to consider factors that warranted a downward departure. Doc. 166, pgs. 2-5, 8 (Grounds 3, 6, 7, 8, 14). McLellan explained that the district court never discussed, on the record, factors that would bear on a downward departure, such as his "intellectual disabilities," "diminished mental capacity," and "the medications [he] was on for the psychological issues." *Id.*, pg. 2. And he asserted that in imposing its alternative sentence, the court "still ha[d] to properly calculate my correct Guideline range and order a new PSR and refer to and at least consider any grounds that warrant a downward departure."[5] *Id.*, pg. 3. "If the Court would look at the PSR and relevant downward departure factors without the enhancement," he argued, "it would certainly arrive at a different outcome and sentence." *Id.*, pg. 4. McLellan contended that these procedural errors amounted to a violation of due process and an abuse of discretion. *Id.*, pgs. 3-4.

The district court made no effort to engage with McLellan's arguments that the imposition of its alternative sentence was riddled with procedural errors. The

---

[5]    In his May 2, 2022 "motion to add grounds," McLellan reiterated that the district court's statement that it would "still sentence [him] to the same 15 [years]" should have been "more than just a statement and actually have grounds supporting it." Doc. 168, pgs. 6-7. McLellan attached *United States v. Shaw*, 957 F.3d 734 (7th Cir. 2020), to support his argument. Doc. 168-2. In that case, the Seventh Circuit explained that a district court's alternate ruling cannot be "just a conclusory comment tossed in for good measure," but rather must "reflect[] a 'detailed explanation of the basis for the parallel result.'" 957 F.3d at 740 (citation omitted).

court did not address McLellan's arguments related to downward departure at all. The only mention of McLellan's mental capacity was when the district court rejected McLellan's argument that his IQ of 55 required the appointment of counsel.  Doc. 169, pgs. 21-22.  And the only mention of his medications was when the district court rejected one of his ineffective assistance of counsel claims.  *Id.*, pgs. 19-20.

The court also did not address McLellan's arguments that it was required to calculate his Guidelines range without the armed career criminal enhancement before imposing its alternative non-ACCA sentence.  McLellan cited *Gall v. United States*, 552 U.S. 38 (2007), in support of this argument.  Doc. 166, pg. 10.  The Supreme Court explained in that case that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," and "a major departure [from that range] should be supported by a more significant justification than a minor one."  552 U.S. at 49-50.

Here, as noted, McLellan's PSR increased his total offense level and criminal history category based on its determination that he was an armed career criminal. *See supra* at 5-6; Doc. 91, pgs. 8, 14, 20.  Without that designation, McLellan's Guidelines imprisonment range would have been less than a third of the range listed in his PSR.  *See supra* at 5-6.  The district court's imposition of a 180-month sentence thus would have constituted a "major" upward departure.  Yet the district court failed to explain why it was not required to consider an alternative Guidelines calculation

40

and a downward departure before imposing its alternative sentence to know the level of justification necessary for that sentence. As explained, the district court's holding that ACCA applied to McLellan does not suffice to reject his claims that the court was required to undertake more process in imposing its non-ACCA sentence. *See supra* at 31-32.

These procedural errors raised in McLellan's April 14, 2022 "motion to amend" related back to his timely habeas filings. McLellan argued in his initial habeas motion that his Guidelines range was calculated improperly and that the district court never considered a downward departure due to the ACCA enhancement. Doc. 136, pgs. 4-5. He noted that the "facts already established . . . by themselves are grounds for [d]ownward departure and suggested under the Guidelines." *Id.*, pg. 5. McLellan's intellectual disabilities and medications for psychological issues are the "facts" that McLellan mentioned in his original filing as warranting a downward departure. In *Dean v. United States*, this Court held that relation back was proper when a petitioner's "amended claims on appeal expand[ed] the facts, and serve[d] to further specify his original claims." 278 F.3d 1218, 1222 (11th Cir. 2002) (per curiam); *see also Mayle*, 545 U.S. at 659 (describing a situation where an amendment related back "even though [it] invoked a legal theory not suggested by the original complaint and relied on facts not originally asserted"). The same conclusion follows here.

### 3. No opportunity to present mitigating evidence

In his April 14, 2022 "motion to amend," McLellan claimed that he was never given "an opportunity to present any mitigating evidence in [his] favor" because the district court stated that his case "was a mandatory minimum case." Doc. 166, pg. 2 (Ground 4). The district court did not address this claim. And the district court's ACCA analysis is not adequate to address this claim because the court also imposed an alternative non-ACCA sentence, for which mitigating evidence could have made a difference.

This claim too relates back. McLellan expressly argued in his initial habeas motion that the court did not consider factors that would have lessened his sentence "because of the Armed Career Criminal Act mandatory minimum." Doc. 136, pg. 5. McLellan's claim with respect to mitigating evidence—which potentially could have reduced his sentence—is premised on that same fact outlined in his original submission, and the district court erred by failing to address it.

### 4. Failure to avoid sentencing disparities

The district court also did not address McLellan's argument that it abused its discretion by failing to avoid unwarranted sentencing disparities. Doc. 166, pgs. 10, 12-13 (Grounds 17, 22). In McLellan's timely addendum to his habeas motion, he had argued that he should be treated "like the many others that I have witnessed in the same circumstances and with the same or similar factors." Doc. 143, pgs. 6-7.

He had also argued that the length of his sentence was unwarranted in light of the non-violent nature of his offenses. *See id.*, pg. 2 ("I have never hurt or tried to hurt anybody in my life that wasn't currently in the act of hurting me."); *id.* at 3 ("I have no violent crimes"); *id.* ("I . . . never posed a threat let alone hurt anyone."). In his reply to the government's response, McLellan had clarified that the district court should have avoided unwarranted sentencing disparities. Doc. 154, pg. 6 (citing *United States v. Souphanthog*, 793 F. App'x 877 (11th Cir. 2019) (per curiam)).

In his April 14, 2022 "motion to amend," McLellan simply reiterated that claim, explaining that the 180-month sentence he received was "a lot worse than defendants similarly situated and my example is Phay Souphanthog from the same District in Southern Alabama that went to trial on two 922(g) charges and received a 168 month sentence when he had priors that included murder, attempted murder, assault, robbery, drug dealing, etc." Doc. 166, pg. 10 (cleaned up).

McLellan's sentencing-disparities claim plainly relates back. McLellan's statements in his 2022 motion simply added legal support to his claims in his timely addendum that he was not treated like other defendants sharing his circumstances, and that his sentence was too long given the non-violent nature of his crimes. As this Court has previously held, an amended claim that is merely a "more carefully drafted version of the original claim" relates back under Rule 15(c). *Dean*, 278 F.3d at 1223. The district court erred by failing to address this claim.

**5.    Ineffective assistance of counsel for failure to object to the district court's inadequate explanations at sentencing**

In his April 14, 2022 "motion to amend," McLellan claimed ineffective assistance of trial counsel for failure to object to the district court's sentencing analysis. Doc. 166, pgs. 11-12 (Ground 20). In particular, he alleged that if his trial counsel had objected, his sentence would have been lower because the court would have looked at a correct Guidelines calculation and the factors in his PSR that warranted a downward departure. *Id.*

In McLellan's May 11, 2022 "motion to add grounds," he again claimed ineffective assistance of trial counsel for failure to object to the district court's consideration of the prison altercation incident at sentencing. Doc. 168, pgs. 3-4. Had his counsel objected, McLellan argued, the district court would have had to watch a video of the incident rather than rely on mistaken facts. *Id.* McLellan also alleged ineffective assistance of appellate counsel because he told his lawyer to raise the district court's consideration of the prison altercation incident on appeal, and his counsel refused. *Id.*, pg. 6. McLellan noted that he provided his lawyer "a list" of sentencing issues to argue on appeal, and "he refused" to include those issues. *Id.* at 8.

The district court did not address these claims. It resolved only the ineffective assistance of counsel claims that appeared in McLellan's initial habeas motion. *See* Doc. 169, pgs. 17-20. But these claims relate back to McLellan's timely habeas

44

motions because they arise from the "common core of operative facts" set forth in those motions. McLellan maintained in his timely filings that the district court's sentencing analysis was flawed. He argued that the court's alternative sentence was not based on a correct Guidelines range, that the court should have considered factors that favored a downward departure, and that consideration of the prison altercation incident was inappropriate. Doc. 136, pgs. 4-7. McLellan's subsequent ineffective assistance of counsel claims that his attorney should have objected to these issues and raised them on appeal relate back to the facts he timely submitted to the district court. *See Mungin v. Sec'y, Fla. Dep't of Corr.*, 89 F.4th 1308, 1322 (11th Cir. 2024) (noting that an ineffective assistance of counsel claim relates back when the original habeas petition provides "a factual basis for relation back"). The district court erred by failing to resolve these claims.

*     *     *

The district court has consistently skimped analysis in McLellan's case. At his sentencing hearing, it determined that McLellan qualified as an armed career criminal and sentenced him to 15 years' imprisonment under ACCA. It then conclusorily stated in the alternative that it would impose the same sentence regardless whether ACCA applied. But the court undertook no further process in providing that alternative sentence. It did not determine what range the Sentencing Guidelines recommended for McLellan without the armed career criminal

45

enhancement.  Nor did it consider whether a downward departure from that corrected range was warranted.  McLellan never received appellate review of the district court's decision that he was an armed career criminal, yet he is serving a 15-year sentence because the district court held—without undertaking any further process— that sentence was warranted anyway.

The district court's decision below exhibits that same conduct.  The court entirely disregard McLellan's many arguments explaining that his alternative sentence was riddled with so many procedural errors that it violated due process.  The district court instead simply reasoned that McLellan was an armed career criminal—even after expressly acknowledging that this Court never decided that issue.  Doc. 169, pg. 10.  As a result, no court has determined whether McLellan's sentence is procedurally reasonable and consistent with the Constitution.  The district court's failure to follow proper process in the first instance, and then its failure to address all of McLellan's claims in this proceeding, have unduly prolonged McLellan's case.

## CONCLUSION

The district court's decision should be vacated and remanded for consideration of McLellan's unaddressed claims.

Dated:  March 17, 2025                    Respectfully submitted,

                                        */s/ Sakina J. Haji*
                                        Sakina J. Haji
                                        Hasala K. Ariyaratne
                                        LATHAM & WATKINS LLP
                                        555 Eleventh Street, NW
                                        Suite 1000
                                        Washington, DC 20004
                                        (202) 637-2200
                                        sakina.haji@lw.com

                *Counsel for Petitioner-Appellant Dustin Lee McLellan*

47

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief complies with Federal Rules of Appellate Procedure 32(a)(5), (6), and (7)(B) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font, and it contains 11,266 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Rule 32-4.

Dated:  March 17, 2025                               */s/ Sakina J. Haji*
                                                      Sakina J. Haji

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, the foregoing brief was electronically filed with the United States Court of Appeals for the Eleventh Circuit through the Court's CM/ECF system.  All parties are represented by registered CM/ECF users and will be served by the CM/ECF system.

Dated:  March 17, 2025                    */s/ Sakina J. Haji*
                                          Sakina J. Haji