No. 22-13589

# In the United States Court of Appeals for the Eleventh Circuit

UNITED STATES OF AMERICA,
*Appellee*

v.

DUSTIN LEE MCLELLAN,
*Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
D.C. NO. 20-CV-00469, 17-CR-00093 (HON. KRISTI K. DUBOSE)

BRIEF OF APPELLEE UNITED STATES

SEAN P. COSTELLO
  United States Attorney
  Southern District of Alabama

MARJORIE VINCENT-TRIPP
  Assistant United States Attorney
  Southern District of Alabama
  63 South Royal Street, Suite 600
  Mobile, Alabama 36602
  (251) 441-5845

## <u>CERTIFICATE OF INTERESTED PERSONS</u><br><u>AND CORPORATE DISCLOSURE STATEMENT</u>

*United States v. Dustin Lee McLellan*, No. 22-13589

Pursuant to 11th Circuit Rule 26.1-1, Appellee adopts Appellant's Certificate of Interested Persons.

No publicly traded company or corporation has an interest in the outcome of this appeal.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The United States respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record and that the decisional process would not be assisted significantly by oral argument. The briefing sufficiently deciphers the record on appeal, including the procedural history and Appellant's numerous *pro se* filings in the district court. Oral argument is unnecessary to accomplish those tasks.

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ..........................................................C1

STATEMENT REGARDING ORAL ARGUMENT .....................................................i

TABLE OF CONTENTS ...............................................................................................ii

TABLE OF AUTHORITIES ....................................................................................... iv

STATEMENT OF JURISDICTION ........................................................................... viii

STATEMENT OF THE ISSUES ................................................................................... 1

STATEMENT OF THE CASE ...................................................................................... 2

I.  Course of the Proceedings, Disposition Below, and Statement of Facts .............. 2

   A.  McLellan Is Convicted and Sentenced for Possessing Firearms as a Convicted Felon ................................................................................................................... 2

   B.  28 U.S.C. § 2255 Proceeding ...................................................................... 5

      1.  McLellan Files a § 2255 Motion and an Addendum ......................................... 5

      2.  McLellan Replies to the Government's Response ........................................... 7

      3.  McLellan Files Additional *Pro Se* Pleadings ......................................... 8

      4.  The District Court Denies McLellan's Motions ............................................... 11

      5.  McLellan Appeals the District Court's Order .................................................. 12

II.  Standards of Review ...................................................................................... 14

SUMMARY OF THE ARGUMENTS .......................................................................... 15

ARGUMENTS ............................................................................................................. 16

I.    McLellan's Appeal Is Timely. (Question Not Certified) ........................................ 16

II.   The District Court Complied with *Clisby* ................................................................. 20

III.  Some of the Time-Barred Claims Do Not Relate Back to McLellan's Initial
      § 2255 Motion ........................................................................................................... 25

      A.  Opportunity to Defend Against Upward Departure ........................................ 28

      B.  Consideration of Correct Guidelines Range or Downward Departure ............ 30

      C.  Opportunity to Present Mitigating Evidence ................................................. 31

      D.  Consideration of the Need to Avoid Unwarranted Sentence Disparities .......... 31

      E.  Ineffective Assistance of Trial and Appellate Counsel ................................... 32

CONCLUSION ............................................................................................................... 34

CERTIFICATE OF COMPLIANCE .............................................................................. 35

CERTIFICATE OF SERVICE ........................................................................................ 35

## TABLE OF AUTHORITIES

### U.S. Supreme Court Cases

*Bowles v. Russell*, 551 U.S. 205 (2007) ................................................. 16

*Erickson v. Pardus*, 551 U.S. 89 (2007) ......................................... 27, 28

*Gall v. United States*, 552 U.S. 38 (2007) ........................................... 29

\* *Mayle v. Felix*, 545 U.S. 644 (2005) .................................................. 26

*Watkins v. Chapman*, 144 S. Ct. 222 (Mem) (2023) ............................. 33

### Federal Appellate Cases

*Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324 (11th Cir. 2004) ................................. 28

*Bloom v. Alvereze*, 498 F. App'x 867 (11th Cir. 2012) (unpublished) ............................... 27

*Boatman v. Berreto*, 938 F.3d 1275 (11th Cir. 2019) ..................................... 17, 18

*Campbell v. Air Jamaia Ltd.*, 760 F.3d 1165 (11th Cir. 2014) ........................................... 28

*Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359 (11th Cir. 2018) .............................................. 26

\* *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) ......................................... 1, 13, 20

*Cottman v. United States*, 17-13006-E, 2017 WL 6765256 (11th Cir. Oct. 24, 2017) ...... 25

*Dupree v. Warden*, 715 F.3d 1295 (11th Cir. 2013) ...................................... 14, 24

*Farris v. United States*, 333 F.3d 1211 (11th Cir. 2003) ..................................... 26

*Lee v. United States*, 84 F.4th 1271 (11th Cir. 2023) ............................................. 28

*Long v. United States*, 626 F.3d 1167 (11th Cir. 2010) (per curiam) ........................... 26, 27

*Loren v. Sasser*, 309 F.3d 1296 (11th Cir. 2002) ............................................... 19

*Mitchell v. United States*, 612 F. App'x 542 (11th Cir. 2015) (unpublished) ..................... 20

*Montemoino v. United States*, 68 F.3d 416 (11th Cir. 1995) ........................................... 25, 30

*Mungin v. Sec'y, Florida Dep't of Corr.*, 89 F.4th 1308 (11th Cir. 2024) ............................. 14

*Oliveiri v. United States*, 717 F. App'x 966 (Mem) (11th Cir. 2018) .................................. 22

*Onishea v. Hopper*, 171 F.3d 1289 (11th Cir. 1999) ........................................................ 27

*Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262 (11th Cir. 2004) ............................ 14

*Rhode v. United States*, 583 F.3d 1289 (11th Cir. 2009) (per curiam) ............................... 20

\*    *Senter v. United States*, 983 F.3d 1289 (11th Cir. 2020) ................................................. 26, 27

*Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327 (11th Cir. 2009) ...................................... 20

*United States v. Brown*, 879 F.3d 1231 (11th Cir. 2018) ................................................... 7, 21

*United States v. Brown*, 934 F.3d 1278 (11th Cir. 2019) .................................................. 28

*United States v. Ceballos-Martinez*, 371 F.3d 713 (10th Cir. 2004) .................................... 19

*United States v. Ciampi*, 419 F.3d 20 (1st Cir. 2005) .................................................... 33

*United States v. Cordero*, 7 F.4th 1058 (11th Cir. 2021) ................................................ 26

*United States v. McLellan*, 958 F.3d 1110 (11th Cir. 2020) ............................................... 4

*United States v. Ogiekpolor*, 122 F.4th 1296 (11th Cir. 2024) ........................................ 20

*Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001) (per curiam) ................ 17, 18

*Watkins v. Stephenson*, 57 F.4th 576 (6th Cir. 2023) ..................................................... 33

*Zack v. Tucker*, 704 F.3d 917 (11th Cir. 2013) (en banc) ................................................. 25

**District Court Cases**

*Cody v. United States*, No. 8:10-CR-35-T-27TBM, 2019 WL 1931986

    (M.D. Fla. May 1, 2019) ....................................................................................... 7

**Statutes**

18 U.S.C. § 3553 .................................................................................................. 12

18 U.S.C. § 922(g)(1) ....................................................................... 2, 7

18 U.S.C. § 924(e) .............................................................................. 3

28 U.S.C. § 1291 ............................................................................. viii

28 U.S.C. § 1746 ............................................................................... 17

28 U.S.C. § 2244(d)(1) ...................................................................... 25

28 U.S.C. § 2253(c)(1)(B) .............................................................. viii

28 U.S.C. § 2255 ................................................................................. 2

28 U.S.C. § 2255(a) ........................................................................ viii

**Other Authorities**

Fed. R. App. P. 32(a)(7)(B)(i) .......................................................... 35

Fed. R. App. P. 4(a)(1)(B) ......................................................... 17, 18

Fed. R. App. P. 4(c) ........................................................................... 19

Fed. R. App. P. 4(c)(1) ...................................................................... 16

Fed. R. App. P. 4(c)(1)(A)(i) ............................................................ 18

Fed. R. App. P. 4(c)(1)(A)(ii) ............................................................. v

\*   Fed. R. App. P. 4(c)(1)(B) ............................................................ 18

\*   Fed. R. Civ. P. 15(a)(2) ................................................................ 25

\*   Fed. R. Civ. P. 15(c)(1)(B) ........................................................... 26

U.S.S.G. § 3D1.1 ............................................................................... 11

U.S.S.G. § 5G1 .................................................................................. 11

U.S.S.G. § 5G1.2 ................................................................................. 8

U.S.S.G. § 5G1.2(d) .......................................................................... 22

U.S.S.G. § 5K2 ................................................................................................. 1

U.S.S.G. § 5K2.0 .......................................................................... 15, 20, 22, 25, 31

## <u>STATEMENT OF JURISDICTION</u>

The district court had jurisdiction over this case. *See* 28 U.S.C. § 2255(a). On August 4, 2022, the district court entered a final judgment denying Appellant's 28 U.S.C. § 2255 motion and related motions and dismissed them with prejudice. [Doc. 169]. Appellant filed a *pro se* notice of appeal dated October 1, 2022, under Federal Rule of Appellate Procedure 4(c)(1)(A)(ii). [Doc. 172]. A circuit judge granted Appellant a certificate of appealability. [11th Cir. Doc. 17-2]. This Court has jurisdiction to review the certified questions. *See* 28 U.S.C. § 1291 and 28 U.S.C. § 2253(c)(1)(B).

## <u>STATEMENT OF THE ISSUES</u>

I.   Whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), in denying McLellan's 28 U.S.C. § 2255 motion without addressing his claim that the Armed Career Criminal Act unconstitutionally barred the sentencing court from considering a downward departure under U.S.S.G. § 5K2.

II.  Whether the district court erred in concluding that the claims, raised in McLellan's April 14, 2022, motion to amend his motion to vacate, were untimely, where those claims arguably related back to the sentencing claims raised in McLellan's initial § 2255 motion.

## STATEMENT OF THE CASE

### I.    Course of the Proceedings, Disposition Below, and Statement of Facts

Dustin Lee McLellan, a federal prisoner, appeals the district court's denial of his motion filed under 28 U.S.C. § 2255 and related *pro se* pleadings. A judge of this Court granted McLellan a certificate of appealability. McLellan, who initially proceeded in this appeal *pro se*, is represented by appointed counsel.

### A.    McLellan Is Convicted and Sentenced for Possessing Firearms as a Convicted Felon.

In 2017, a federal grand jury in the Southern District of Alabama returned a superseding indictment charging McLellan with three counts of possession of a firearm by a prohibited person (felon), in violation of 18 U.S.C. § 922(g)(1).[1] [Doc. 29].[2] The district court granted McLellan's motion to sever Count One from the remaining counts. [Doc. 37].

A jury found McLellan guilty of Count One, a Class A felony. [Docs. 54; 55; 127 at 143-144; 91 at 1]. McLellan subsequently pleaded guilty to Count Two without a written plea agreement. [Docs. 83 (text only order); 124]. The parties agreed that McLellan would "be free to allocute at the plea hearing, and the Court will decide whether or not to run the sentences concurrently." [Doc. 124 at 5]. The United States also agreed to dismiss Count Three. [*Id.* at 10].

---

[1] The original indictment charged one violation of § 922(g)(1). [Doc. 1]. The grand jury handed down the superseding indictment after the district court denied McLellan's motion to suppress [Doc. 25].

[2] "Doc." references the docket entries in the district court. The page numbers are those generated by the district court's electronic filing system.

The presentence investigation report ("PSR") reflected that McLellan was subject to an enhanced sentence under the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e). [Doc. 91 at 8]. He faced a fifteen-year mandatory minimum prison term for each count, or 180 months, because he had three or more prior convictions for a serious drug offense or a violent felony. [*Id.* at 20]. His advisory guideline range of imprisonment was 262 to 327 months based on a total offense level of 34 and a criminal history category of VI. [*Id.*]. McLellan's status as an armed career criminal informed his total offense level and criminal history category. [*Id.* at 8, 14].

McLellan filed several pleadings objecting to his designation as an armed career criminal and contesting parts of the PSR. [Docs. 90, 96, 103]. The district court overruled those objections at McLellan's sentencing hearing. [Doc. 129 at 2, 12, 14-15]. The court had previously concluded, without objection, that McLellan was competent to proceed to sentencing. [Docs. 102; 128].

The district court informed McLellan that it was considering information that was not contained in the PSR. [Doc. 129 at 17]. The court had learned about an altercation McLellan was involved in while incarcerated at the Escambia County jail in Alabama. [*Id.*]. The facts about the incident were not included in the PSR. [*Id.*]. It was alleged that McLellan "took revenge" against someone he believed stole his cell phone "by taking some kind of homemade knife and stabbing them." [*Id.* at 17-18]. McLellan's attorney had limited knowledge of the incident. [*Id.*]. Counsel proffered that an inmate who was charged with capital murder threatened McLellan and his family and that there was a video recording of the incident. [*Id.* at 17-18]. McLellan denied that he paced in an area of the jail for 20 minutes before obtaining a knife and stabbing three people.

[*Id.* at 20, 40-42].

The district court imposed the mandatory minimum terms of imprisonment on each count, which were to run concurrently. [Docs. 109; 129 at 45]. The court stated it would have imposed an aggregate prison sentence of fifteen years if the ACCA had not applied. [Doc. 129 at 44].

> I have considered all this information, and I have determined, based on his criminal history, based on his -- and even though he denies violence, his criminal history bears out that he has participated in several violent acts, that he's continued to -- would appear to me would be evidence of not only just drug use but being involved in the drug sales also.
>
> I've considered all of that. I've considered the fact that he has no significant work history. He's 35 years old.
>
> And the guideline range -- excuse me -- the mandatory minimum of 15 years appears to be well-warranted. And I would note that I'm going to sentence him to that 15 years, and I would note that if I have determined that he is a career offender incorrectly, I would still sentence him to 15 years. I would sentence him to 10 years on one and 5 years on the other.

[*Id.* at 44-45]. The court later clarified, "And my comment on that was, even if I've incorrectly determined that he is subject to the career offender under the statute, then I would still sentence him to 10 years and 5 years to run consecutive such that a 180 [month] sentence is an appropriate sentence." [*Id.* at 46].

On May 6, 2020, this Court affirmed McLellan's conviction and sentence but remanded for the district court to clarify the judgment to reflect it would have imposed the same sentence if the ACCA was inapplicable. *See United States v. McLellan*, 958 F.3d 1110 (11th Cir. 2020). The district court amended the judgment, *nunc pro tunc* on August

8, 2018, to reflect the following:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 180 months as to each of Counts One and Two, said terms to run concurrently; or in the alternative, 120 months as to Count One and 60 months as to Count Two, said terms to be served consecutively.

[Doc. 134].

### B.    28 U.S.C. § 2255 Proceeding

#### 1.    McLellan Files a § 2255 Motion and an Addendum.

McLellan filed a *pro se* motion under § 2255 motion on September 8, 2020 ("the initial motion"), raising these six grounds:

1) he was no longer eligible to be sentenced under the ACCA,

2) the district court could not consider a downward departure under United States Sentencing Guideline § 5K2.0 because of the ACCA,

3) the district court improperly relied on an incident that occurred at the Escambia County Jail without considering a video that established he acted in self-defense,

4) the prosecution's decision to pursue a superseding indictment amounted to a vindictive prosecution,

5) the sentence violated the prohibition against double jeopardy, and

6) a government witness was pressured to give perjured testimony at trial.

[Doc. 136 at 4-11, 14].

McLellan also argued that trial counsel was ineffective for failing to object to a remark the prosecutor made during closing argument, present a letter from his employer, and assert that McLellan had a valid prescription for the medication he possessed. [*Id.* at 10, 14]. McLellan further alluded that appellate counsel was ineffective for failing to argue on direct appeal that the district court improperly sentenced him under the ACCA. [*Id.* at 4]. He sought the appointment of counsel and resentencing "using correct Guidelines calculation." [*Id.* at 8, 13, 14].

McLellan's addendum, postmarked December 22, 2020, claimed that his ten-year term of supervised release exceeded the statutory maximum, he was not permitted to object to the consecutive prison sentence that the district court erroneously imposed, and the superseding indictment supported a presumption of prosecutorial vindictiveness. [Doc. 143 at 1-3, 6, 8]. McLellan also argued that the district court should have sentenced him according to Sentencing Guideline § 5G1.2, which provides guidance for sentencing on multiple counts. [*Id.*]. He reiterated that he was not ACCA-eligible and, therefore, the correct guideline range of imprisonment was 18 to 24 months. [*Id.* at 2-3, 6].

McLellan again asserted that the district court could not consider a downward departure because of the ACCA, his convictions violated double jeopardy, and a video would establish that he acted in self-defense while incarcerated at the Escambia County Jail. [*Id.* at 2, 5]. He claimed that perjury and corruption permeated the trial court proceedings. [*Id.* at 3-4]. He again asked the district court to sentence him under the correct guideline range, bearing in mind the need to avoid unwarranted sentence disparities. [*Id.* at 6].

6

The United States filed its response on March 15, 2021. [Doc. 148].

**2.    McLellan Replies to the Government's Response.**

McLellan's reply to the government's response clarified his request for resentencing under the correct guideline range, which he raised in Ground One of his initial motion. [Doc. 154 at 1]. McLellan claimed that the district court violated his right to due process by resentencing him without a hearing. [*Id.*]. He argued that since the ACCA no longer applied,[3] the district court could exercise its discretion to consider factors that supported downward departure and that his presence was required at that "critical stage" of his criminal proceedings. [*Id.*]. In support, McLellan directed the court to *United States v. Brown*, 879 F.3d 1231 (11th Cir. 2018), and *Cody v. United States*, No. 8:10-CR-35-T-27TBM, 2019 WL 1931986, at *1 (M.D. Fla. May 1, 2019).[4] [*Id.*]. He averred that the court could excuse any procedural default considering that he was actually innocent of being an armed career criminal. [*Id.*].

McLellan again asserted sentencing errors, namely, that the supervised release term exceeded the statutory maximum for a Class C felony and that the district court should have ordered the sentences for his § 922(g) convictions to run concurrently. [*Id.* at 2].

Among the new claims, McLellan claimed his attorney was ineffective for failing to (1) impeach witnesses who lied during his suppression hearing and trial, (2) argue to the jury that he had a valid prescription for the medication he possessed, and (3) contest

---

[3] McLellan believed that the district court had resentenced him under 18 U.S.C. § 922(g)(1), which did not require the imposition of a mandatory minimum sentence. [Doc. 154 at 1].

[4] McLellan did not include citations in his pleading. However, the United States was able to determine the citations by conducting a search on Westlaw.

a predicate offense that was considered for ACCA purposes. [*Id.* at 3-5].

McLellan again urged the district court to impose a non-ACCA guideline sentence in accord with § 5G1.2 (guidance regarding multiple sentences) and consider the need for unwanted sentence disparities. [*Id.* at 6].

### 3. McLellan Files Additional *Pro Se* Pleadings.

McLellan subsequently filed three additional *pro se* pleadings. First, on March 15, 2022,[5] he filed a motion seeking "to summarize and clarify" his prior arguments. [Doc. 165]. McLellan premised his argument on *Brown* and the fact that he was not resentenced under the ACCA. He again alleged that the district court violated his right to be present at his resentencing and that its imposition of consecutive sentences was contrary to § 5G1.2. [*Id.* at 1-2]. McLellan claimed that the absence of a resentencing hearing violated his right to due process, particularly because the district court could now consider mitigating factors under a new guideline range. [*Id.* at 2]. He faulted the court for failing to order a new PSR. [*Id.* at 1]. He claimed he was denied the opportunity to object to the imposition of consecutive sentences and prepare a defense, and that the court failed to notify him of its intent to impose an upward departure sentence. [*Id.* at 1-2]. McLellan accused the court of abusing its discretion by failing to hold a resentencing hearing. [*Id.*].

Second, McLellan filed a motion to amend his initial § 2255 motion, dated April 4, 2022.[6] [Doc. 166]. He raised numerous claims of district court error, including the court's

---

[5] The postmark date.

[6] McLellan separately moved for the appointment of counsel. [Doc. 167].

1) improper consideration of the incident at the Escambia County jail,

2) failure to provide notice of its intent to depart upward as required by Federal Rule of Criminal Procedure 32(h),

3) failure to provide McLellan the opportunity to present mitigating evidence,

4) failure to consider the need to avoid unwanted sentence disparities,

5) making an "unlawful" *Keene* statement at sentencing,

6) failure to require McLellan's presence at a resentencing hearing,

7) depriving McLellan of the opportunity to object to the imposition of a consecutive sentence, and

8) improper imposition of a mandatory minimum ACCA sentence.

[*Id.* at 2-5, 8-10, 12-13, 15]. McLellan further alleged that his sentence was procedurally unreasonable because the district court did not consider factors relevant to a downward departure. [*Id.* at 8].

McLellan also asserted claims of ineffective assistance of counsel. [*Id.* at 6-7]. He contended that trial counsel

1) failed to object to the government's violation of the Speedy Trial Act,

2) refused to investigate and pursue a claim of self-defense as to McLellan's firearm possession,

3) incorrectly advised McLellan that he was an armed career criminal,

4) failed to object to the district court's imposition of an illegal sentence because McLellan was not ACCA-eligible, and

5) failed to object to the district court's imposition of consecutive

sentences.

[*Id.* at 6-7, 9, 11, 13]. Relatedly, McLellan appeared to assert that the United States breached the plea agreement. [*Id.* at 6]. He claimed the government agreed to concurrent sentences but that, upon resentencing, the district court ordered consecutive sentences, resulting in a miscarriage of justice. [*Id.*].

McLellan also focused on appellate counsel's representation on direct appeal. He alleged that counsel failed to argue that an unconscious person could not knowingly possess a firearm,[7] that the district court erred in denying the motion to suppress, and that the government violated the Speedy Trial Act. [*Id.* at 6-7, 9, 14].

Finally, McLellan filed a pleading signed May 2, 2022. [Doc. 168]. He again argued that trial counsel was ineffective for failing to object to the district court's consideration of the incident at the county jail because the facts were disputed. [*Id.* at 3-7, 9]. He claimed the court's consideration of that incident violated his confrontation and due process rights and was an abuse of discretion. [*Id.* at 3-5, 6, 9]. He further alleged that he was not given notice to prepare a defense to the allegation and that, therefore, the resulting sentence was unreasonable. [*Id.* at 4-5]. [*Id.*]. He added that appellate counsel was ineffective for failing to raise this issue on direct appeal. [*Id.* at 6].

McLellan presented additional allegations. He claimed that the district court's *Keene* statement was conclusory and unsupported by a sufficient explanation. [*Id.* at 6-7]. He averred that trial counsel should have objected to the four-level increase to his base offense level for possessing a firearm while in possession of controlled substances

---

[7] McLellan claimed that he was unconscious in his car when police walked up to his vehicle. [Doc. 166 at 6-7].

and that appellate counsel should have raised this issue on direct appeal. [*Id.* at 8-10].

McLellan again asserted a due process violation based on the district court's failure to conduct a resentencing hearing with him in attendance. [*Id.* at 9]. In conjunction, he claimed that the district court failed to prepare a new PSR, apply guidelines §§ 3D1.1 and 5G1, and consider the need to avoid unwanted sentence disparities. [*Id.* at 10].

### 4.    The District Court Denies McLellan's Motions.

The district court addressed McLellan's numerous *pro se* pleadings in a single order, entered on August 4, 2022. [Doc. 169]. The court first dispensed with the motions filed after the statute of limitations had expired (Docs. 165, 166, and 168). [*Id.* at 7]. The court found that the pleadings were untimely and McLellan had not demonstrated he was entitled to equitable tolling. [*Id.*]. The court explained that it, therefore, would only consider the arguments that "relat[ed] back to grounds originally raised in McLellan's timely 2255 Motion and Addendum." [*Id.*].

The district court concluded that McLellan waived the new arguments raised in his reply to the government's response. [*Id.*]. The court also rejected McLellan's due process argument as to his "resentencing," explaining that McLellan's presence was not required because the court merely clarified the sentence on remand. [*Id.* at 8-9]. The court concluded that it properly calculated McLellan's guideline range under the ACCA because McLellan had at least three qualifying predicate offenses. [*Id.* at 9-12]. The court further found that any sentencing guideline claims were not cognizable in a § 2255 proceeding. [*Id.* at 9 n.4]. As for the trial issues McLellan raised, the district court determined that McLellan could not relitigate its consideration of his conduct at the

county jail because this Court determined on direct appeal that it was a proper sentencing consideration under 18 U.S.C. § 3553. [*Id.*].

The district court determined that McLellan procedurally defaulted numerous claims, including perjured and coerced trial testimony, double jeopardy, criminal history calculation, and prosecutorial vindictiveness. [*Id.* at 13-14, 15-17]. The court similarly disposed of McLellan's argument that his term of supervised release was unconstitutional. [*Id.* at 15]. The court also found that the five-year term of supervised release was proper. [*Id.*].

The remaining claims the district court addressed pertained to trial counsel's performance. [*Id.* at 17-20]. The court found that counsel was not ineffective for failing to object to a remark the prosecutor made during the closing argument. [*Id.*]. Nor was counsel's objectively unreasonable by failing to present evidence that McLellan had a valid prescription for anxiety medications and a character reference from McLellan's employer. [*Id.*].

The district court denied McLellan's motion for the appointment of counsel. [*Id.* at 20-22]. The court further denied a certificate of appealability and determined that "McLellan [was] not entitled to proceed *in forma pauperis.*" [*Id.* at 22-25].

### 5.    McLellan Appeals the District Court's Order.

McLellan appealed the district court's decision. He filed a *pro se* notice of appeal dated October 1, 2022, but the envelope containing it was date-stamped by the U.S. Postal Service on October 18, 2022. [Doc. 172]. He moved to add case law in support of his application for a certificate of appealability ("COA") and, later, to add grounds to the COA. [11th Cir. Docs. 10, 13].

The Honorable Adalberto Jordan, circuit judge, found that the district court properly determined that two claims McLellan raised in his initial motion and addendum were procedurally barred and that the district court "correctly concluded" that McLellan procedurally defaulted four claims. [11th Cir. Doc. 17-2 at 4]. Judge Jordan granted a certificate of appealability limited to these questions:

1. Whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), in denying McLellan's 28 U.S.C. § 2255 motion without addressing his claim that the Armed Career Criminal Act unconstitutionally barred the sentencing court from considering a downward departure under U.S.S.G. § 5K2.

2. Whether the district court erred in concluding that the claims, raised in McLellan's April 14, 2022, motion to amend his motion to vacate, were untimely, where those claims arguably related back to the sentencing claims raised in McLellan's initial § 2255 motion.

[*Id.* at 5]. The judge further granted McLellan's motion to proceed *in forma pauperis*. [*Id.*].

The parties filed their respective briefs. [11th Cir. Docs. 25, 29]. On March 20, 2024, McLellan moved for the appointment of counsel to represent him in this appeal. [11th Cir. Doc. 34]. He also asserted that he timely filed the notice of appeal but that at the time he did so, his facility did not have a system in place for legal mail. [*Id.*]. The Honorable Elizabeth L. Branch granted the motion for the appointment of counsel and the briefing schedule was restarted. [11th Cir. Docs. 39-2, 40-1, 40-2, 41].

McLellan filed a counseled initial brief. [11th Cir. Doc. 48]. He subsequently moved for leave to file a declaration and to file documents under seal, which the Honorable Barbara Lagoa granted. [11th Cir. Docs. 49, 52, 55]. His declaration alleged

that the internal mail system was unavailable when he filed the notice of appeal because the prison was under lockdown. [11th Cir. Doc. 57 at 1]. McLellan asserted that on October 1, 2022, he placed an envelope containing the notice in his cell door, where a prison official was to pick it up for mailing. [*Id.* at 1-2].

## II.   Standards of Review

The *de novo* standard of review applies to this Court's review of its subject matter jurisdiction, *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004), its consideration of "the legal question of whether the district court violated the rule announced in *Clisby*[,]" *Dupree v. Warden*, 715 F.3d 1295, 1299–300 (11th Cir. 2013), and to the "quintessentially legal question" of relation back, *Mungin v. Sec'y, Florida Dep't of Corr.*, 89 F.4th 1308, 1321–22 (11th Cir. 2024).

## SUMMARY OF THE ARGUMENTS

At the outset, McLellan's appeal is timely considering the declaration he filed in this Court under penalty of perjury.

The district court complied with *Clisby*. Liberally construing McLellan's arguments, they cannot be read as raising a constitutional challenge to the district court's ability to consider § 5K2.0 evidence based on the ACCA. The court addressed the argument presented; namely, that McLellan was not present when the court resentenced him on remand. Further, the court denied McLellan's § 2255 motion to the extent he raised Sentencing Guidelines claims. This Court should affirm as to this certified issue.

Finally, as to the relation back issue, the district court's order is sufficient for appellate review. Further, to the extent that McLellan failed to clearly raise a relation back argument below, the district court was not required to develop that argument for him. The district court largely addressed the issues McLellan contends relate back to his timely-filed pleadings but for two. Remand may be required.

## ARGUMENTS

### I.    McLellan's Appeal Is Timely. (Question Not Certified)

The United States, in its original responsive brief, questioned whether this Court had jurisdiction over this appeal, noting that McLellan appeared to have filed the notice of appeal beyond the prescribed time for doing so. [11th Cir. Doc. 29 at 18]. McLellan, in a separate, counseled, filing, asserted that he timely filed the notice of appeal based on the date of the document, which he stated signified the date he handed the notice to prison officials for mailing. [11th Cir. Doc. 49 at 5]. McLellan subsequently filed a declaration with this Court's permission, asserting under penalty of perjury that on October 1, 2022, he placed an envelope containing the notice in his cell door for mailing. [11th Cir. Doc. 57]. He claimed the prison's usual internal mail system was unavailable that day because of a lockdown. [*Id.*].

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (modification in original). The federal inmate mailbox rule requires an inmate to use an institution's legal mail system, if available, to benefit from the rule. Fed. R. App. P. 4(c)(1). Rule 4 provides that an inmate-filed notice of appeal

> is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> (A) it is accompanied by:
>
> (i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or
>
> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or

(B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

*Id.* In turn, Section 1746 of Title 28 prescribes the format for an unsworn declaration made under penalty of perjury, which may establish the matter to be proven.[8] When the United States is a party, any party has 60 days after the entry of the judgment or order to file an appeal. Fed. R. App. P. 4(a)(1)(B).

"Simply by virtue of their confinement, *pro se* litigants '[c]onfined in an [i]nstitution, are necessarily less able to ensure their filings' timeliness." *Boatman v. Berreto*, 938 F.3d 1275, 1277 (11th Cir. 2019). "[T]he burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed." *Washington v. United*

---

[8]Section 1746 states:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

> (Signature)".

> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

> (Signature)".

28 U.S.C. § 1746.

*States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). A district court should resolve any factual questions surrounding the date a prisoner delivered a notice of appeal to prison authorities for mailing. *Boatman*, 938 F.3d at 1278.

There is conflicting evidence here regarding when McLellan filed his notice of appeal. McLellan had 60 days from the entry of the judgment to file an appeal, or until October 3, 2022. *See* Fed. R. App. P. 4(a)(1)(B). His notice of appeal is dated October 1, 2022. But McLellan did not include a declaration that complied with § 1746 or a notarized statement indicating the date he handed the notice to prison officials for mailing, with first-class postage prepaid. [Doc. 172 at 1]. The envelope containing the notice was postmarked October 18, 2022, after the expiration of the limitations period. [*Id.* at 2].

McLellan argues the Court should presume that he signed the notice on October 1, 2022. But that isn't so clear. Moreover, the notice did not comply with Rule 4(c)(1)(A)(i). McLellan also surmises about delays with his other *pro se* filings. [11th Cir. Doc. 49 at 5-7]. "This conflicting evidence creates a factual question to be decided in the first instance by the district court." *See Boatman*, 938 F.3d at 1278.

However, remand is unnecessary. The United States agrees that this Court may consider the appeal timely based on McLellan's declaration, which is part of the record. [11th Cir. Doc. 57]. A circuit judge granted McLellan's motion for leave to file the declaration, which McLellan filed under penalty of perjury. [11th Cir. Docs. 55; 57 at 2]. McLellan swore that he deposited the notice of appeal in the system the prison had in place at the time for outgoing inmate legal mail. [*Id.* at 1-2]. He appears to have satisfied the requirements of Rule 4(c)(1)(B).

The Court should reject McLellan's efforts to extend the liberal construction principles to the mandatory procedural requirements of Rule 4(c). [11th Cir. Doc. 49 at 7-8]. To do so would engraft a mode of compliance to the rule that Congress did not intend. A Tenth Circuit decision on this point is persuasive. In *United States v. Ceballos-Martinez*, 371 F.3d 713 (10th Cir. 2004), the defendant filed a notice of appeal that did not comply with Rule 4(c)(1). *Id.* at 714. The appellate court held that a defendant who did not have access to a legal mail system could not show compliance with the mailbox rule other than by a declaration or notarized statement. *Id.* at 715. As that court explained, it has "never interpreted [the liberal construction principles] to give litigants—even *pro se* litigants—carte blanche to disregard congressionally established procedural rules." *Id.* at 717. The court further recognized that Congress did not "draft leniency into the Rule" but, instead, "provided two specific methods to prove timely compliance." *Id.* at 718. Therefore, the court "[could not] graft onto the Rule additional methods of proving timely compliance." This Court should conclude likewise.[9]

Turning to the certified issues, the remainder of this brief first addresses whether the district court violated *Clisby*, then whether it erred in concluding that certain claims raised in McLellan's April 14, 2022, motion did not relate back to his timely filed pleadings.

---

[9] Indeed, this Court "ha[s] required [*pro se* litigants'] to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## II.    The District Court Complied with *Clisby*.

In *Clisby*, this Court explained that it could not consider a postconviction claim that a federal district court's order did not address in resolving a petition for a writ of habeas corpus. *Clisby*, 960 F.2d at 935. The Court endeavored to forestall "the piecemeal litigation of federal habeas petitions filed by state prisoners[.]" *Id.* In an exercise of its "supervisory power over the district courts," the Court instructed district courts "to resolve all claims for relief raised in a" § 2254 petition "regardless whether habeas relief is granted or denied." *Id.* at 936. The Court explained that, moving forward, it would "vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims." *Id.* at 938. The Court subsequently extended *Clisby* to § 2255 motions. *See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (per curiam).

"A claim for relief for purposes of [*Clisby*] is any allegation of a constitutional violation." *Clisby*, 960 F.2d at 936. The movant must allege a constitutional violation "in a way that the district court cannot misunderstand it in order for the district court to resolve it." *Mitchell v. United States*, 612 F. App'x 542, 544 (11th Cir. 2015) (unpublished) (citing *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1352 (11th Cir. 2009)). *Pro se* filings are liberally construed. *United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024).

McLellan contends that he prominently addressed the ACCA's unconstitutional preclusion of the district court's consideration of a downward departure under Sentencing Guideline § 5K2.0. He writes that, collectively considering his arguments, he "claimed a due process argument" that alleged the district court did not consider certain factors, including the correct guideline range and a downward departure under

§ 5K2.0, because he was an armed career criminal.[10] [11th Cir. Doc. 48 at 33]. However, a closer examination of the record reveals McLellan did not raise a due process argument in this context. Therefore, the district court did not violate *Clisby*.

In his initial § 2255 motion, McLellan argued that the ACCA precluded the district court from considering grounds for a downward departure under § 5K2.0. [Docs. 136 at 5]. His motion asserted,

> The Court was not allowed to consider 5K2 factors that was and still are warranted, because of the Armed Career Criminal Act mandatory minimum. The facts already established and agreed to by [the] government by themselves are grounds for downward departure and suggested under the Guidelines.

[*Id.*]. McLellan reiterated this point in his addendum. He again argued that the ACCA, which no longer applied, barred the district court from considering grounds that supported a downward departure. [Doc. 143 at 2, 6]. McLellan appeared to allude to his "resentencing" in arguing that the ACCA did not apply.

McLellan later raised a due process challenge concerning what he characterized as a resentencing proceeding. In his reply to the government's response, he argued he was denied due process when the district court resentenced him without a hearing, citing *Brown*, 879 F.3d 1231, to buttress that claim. [Docs. 154 at 1; 154-1 at 1-3]. *Brown* held that the district court abused its discretion when it granted the defendant's motion to vacate but resentenced him without the benefit of a hearing. *Id.* at 1240-41. The case excerpt attached to McLellan's filing supported the precise due process argument that

---

[10] Any *Clisby* argument with respect to the district court's failure to calculate and consider a new guideline range without the ACCA enhancement is improper. The certificate of appealability limited the inquiry to the district court's inability to consider a downward departure under § 5K2.0.

he raised. [Doc. 154-1 at 1-3]. It was a new argument that McLellan first presented in his reply brief, after the United States filed its response. The district court addressed the argument when it concluded that new arguments raised for the first time in a reply were waived. [Doc. 169 at 7-8]. *See Oliveiri v. United States*, 717 F. App'x 966, 967 (Mem) (11th Cir. 2018) ("Although *Clisby* requires a district court to resolve every claim properly presented in a § 2255 motion, it does not require the court to address a claim that a movant waives by failing to raise it until his reply brief.").The district court's ruling satisfied *Clisby*.

McLellan's later pleadings never asserted that the ACCA unconstitutionally precluded the district court from considering a downward departure under § 5K2.0. McLellan again cited *Brown* in his Motion for Addendum, which asserted due process violations. [Doc. 165 at 1]. McLellan was under the misconception that the district court resentenced him "under a totally different statutory scheme" and imposed an upward departure sentence. [*Id.* at 2]. Liberally construing that filing, McLellan reiterated that he had the right to be present at his resentencing to object to the imposition of consecutive sentences. [*Id.* at 1-2]. He also claimed that since the ACCA no longer applied, he was entitled to an amended PSR and that the district court had to consider the § 5K2.0 factors. [*Id.* at 1]. The case excerpts McLellan attached to his motion addressed when the imposition of consecutive sentences was required under Sentencing Guideline § 5G1.2(d), and if a resentencing hearing was necessary when the ACCA no longer applied. [*Id.* at 3-5]. None of these arguments pointed to the ACCA's unconstitutional preclusive effect on the district court's ability to consider a downward departure under § 5K2.0.

In his "Motion to Amend 2255 Motion," McLellan averred that the district court abused its discretion and committed a due process violation when it failed to provide notice of its intent to impose an upward departure sentence. [Doc. 166 at 2]. He also argued that without an opportunity to object to the consecutive sentences or dispute the factors that increased his sentence above the guidelines range, he was denied due process. [*Id.* at 2, 3, 5, 8]. McLellan claimed that the district court could impose "the same 15 years" but had to do so in his presence. [*Id.* at 4]. Considering McLellan was present at his original sentencing, he could only be referring to violations with respect to his "resentencing."

McLellan added that, to impose the same sentence, the court was required to order a new PSR, recalculate his guideline range without the ACCA enhancement, and consider factors that might warrant a downward departure. [*Id.* at 3, 4, 13-14]. Based on the attachments to the motion, McLellan appeared to raise a substantive reasonableness challenge to his sentence. [*Id.* at 20]. The reasonable interpretation of these claims, collectively, is that the district court erred in resentencing McLellan without a hearing, ordering a new PSR, determining his new guideline range, and considering the § 5K2.0 factors.

McLellan fares no better with the summary contained in that pleading. [Doc. 166 at 15]. He argued that the district court's *Keene* statement "should not have a preclusive effect" on his claim: that the ACCA prevented the district court from considering information that would have led it to impose a lower sentence. [*Id.*]. McLellan claimed that the effect of the *Keene* statement,

"clashes with fairness and due process that is central to the sentencing process," and according to the 11th Circuit also, it 'must be more than just a statement" and the statement should not override fairness and not allow relevant factors that deserve consideration to be excluded from review, and especially where review of those factors would result almost certainly in a favorable outcome to me."

[Doc. 166 at 15]. Even liberally construing this argument, McLellan does not challenge the effect of the ACCA on a district court's sentencing discretion on due process grounds. That argument was not presented "in clear and simple language such that the district court may not misunderstand it." *Dupree*, 715 F.3d at 1299.

McLellan again raised a due process argument in his "Motion to Add Grounds." [Doc. 168]. He claimed his absence from his resentencing thwarted his ability to present evidence in support of a downward departure, again citing *Brown*. [*Id.* at 9].

Overall, liberally construing McLellan's pleadings, he consistently asserted that his absence from his "resentencing" violated his due process right to be present at a critical stage of his criminal proceeding. The district court addressed this argument in its order, explaining that it did not violate McLellan's due process rights because it merely clarified the judgment on remand. The court concluded that McLellan's presence was not required because the clarification of the judgment was not a critical stage of the criminal proceeding. [Doc. 169 at 8-9]. The district court's order responded to the precise argument McLellan collectively raised in his *pro se* pleadings.

The district court also addressed McLellan's argument from a different perspective. To the extent McLellan raised sentencing claims, the court concluded those "claims were not viable in a 2255 motion, as 'a defendant has no right to raise Guidelines

sentencing issues in a § 2255 proceeding.'" [Doc. 169 at 9 (quoting *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995)]. *Montemoino* rests on a defendant's ability to appeal a sentence, absent an express waiver of that right. *Mointemoino*, 81 F.3d at 417. McLellan appealed his sentence. Accordingly, the district court implicitly found that McLellan could not collaterally attack the application of a sentencing guideline. In other words, McLellan should have raised the issue on direct appeal.

McLellan did not fairly present an argument that the ACCA unconstitutionally barred the district court's consideration of a downward departure under § 5K2.0. The district court addressed and resolved the due process claims he did raise. Therefore, the court did not violate *Clisby*. The Court should not vacate the judgment and remand the case for the district court to consider the certified issue.

## III.  Some of the Time-Barred Claims Do Not Relate Back to McLellan's Initial § 2255 Motion.

The Certificate of Appealability specifically addressed relation back as to McLellan's initial § 2255 motion and his motion to amend filed on April 14, 2022. Therefore, the following analysis is limited to a comparison of that *pro se* filing and McLellan's initial motion, including his timely-filed addendum to the initial motion.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") prescribes a one-year limitations period to file a § 2255 motion. 28 U.S.C. § 2244(d)(1). The filing requirement applies on a "claim-by-claim basis." *Zack v. Tucker*, 704 F.3d 917, 922 (11th Cir. 2013) (en banc); *see also Cottman v. United States*, No. 17-13006-E, 2017 WL 6765256, at *2 (11th Cir. Oct. 24, 2017) (same as to § 2255 motion). A federal prisoner may amend a § 2255 motion but must do so within the limitations period. Fed. R. Civ. P.

15(a)(2); *see also* Rule 12, Rules Governing Section 2255 Proceedings (discussing the applicability of the Federal Rules of Civil Procedure to § 2255 proceedings).

"Relation back is a legal fiction employed to salvage claims that would otherwise be unjustly barred by a limitations provision." *Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018). Federal Rule of Civil Procedure 15(c), which encapsulates the doctrine, applies when a federal prisoner untimely files an amendment to a § 2255 motion. The rule provides in relevant part:

> An amendment to a pleading relates back to the date of the original pleading when: . . .
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; . . . .

Fed. R. Civ. P. 15(c)(1)(B). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005); *see also Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003) (same; also recognizing Congress intended that Rule 15(c) "be used for a relatively narrow purpose").

At the outset, McLellan is correct that the district court did not expressly identify which claims did not relate back to his initial motion. However, that is not a basis for reversal. A district court's order must sufficiently explain its reasons to facilitate meaningful appellate review of its decision. *United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021); *see also Senter v. United States*, 983 F.3d 1289, 1294 (11th Cir. 2020) (citing *Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010) (per curiam) ("T]o satisfy *Clisby*, a district court must simply resolve a petitioner's claim to an extent that makes it

amenable to a meaningful review on appeal."). However, the facts of a case can indicate that a district court implicitly rejected a relation back argument. *See, e.g., Bloom v. Alvereze*, 498 F. App'x 867, 873 (11th Cir. 2012) (unpublished) ("After rejecting that the Blooms' claims constituted continuing torts, and implicitly rejecting relation back to the initial pleading, . . . ."); *see also Onishea v. Hopper*, 171 F.3d 1289, 1303 (11th Cir. 1999) ("These findings are an implicit rejection of plaintiffs' argument.")

Here, the district court's order is sufficient to discern its reasons for denying the time-barred claims, thereby providing a basis for appellate review. The district court identified the correct legal standard, citing to Rule 15(c), *Mayle*, *Oliveiri*, and *Davenport* in its discussion of the relation back principles. The court's order stated that the court would "consider the [time-barred] arguments raised in these motions only to the extent they relate back to grounds originally raised in McLellan's timely 2255 Motion and Addendum." [Doc. 169 at 7]. The court further noted that it would "not consider any new grounds raised in the untimely motions." [*Id.*]. The preceding indicates that the court considered relation back when assessing the claims raised in the April 14, 2022, pleading. The court's failure to explicitly identify the claims that did not relate back was not an abuse of discretion but, rather, an implicit recognition that relation back did not apply to those claims. *See Senter*, 984 F.3d at 1294 ("Here, the district court's assessment of Senter's claim was thorough enough that we could infer the analytic steps that were not expressly laid out in the Memorandum of Opinion.").

Moreover, to the extent McLellan failed to argue the applicability of relation back, the district court was not required to develop that argument for him. *Pro se* pleadings are held to a less exacting standard than those prepared by attorneys. *Erickson*

27

*v. Pardus*, 551 U.S. 89, 94 (2007). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaia Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (internal quotation marks and citation omitted). The United States addressed the untimeliness of McLellan's attempts to amend his initial pleadings in its response. [11th Cir. Doc. 29 at 23]. To the extent McLellan failed to argue relation back in the district court, the Court should consider the issue waived. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331-32, 1335 (11th Cir. 2004) (explaining that this Court will not consider an issue that was not raised in the district court absent "special circumstances"); *cf. United States v. Brown*, 934 F.3d 1278, 1306–07 (11th Cir. 2019) (citation omitted) ("But once a party has preserved an issue, it may 'make any argument in support of that claim; parties are not limited to the precise arguments they made below.'"). McLellan's initial brief does not assert that any of the five circumstances this Court identified in *Access Now* apply and he cannot raise that argument for the first time in his reply brief. *See Lee v. United States*, 84 F.4th 1271, 1280 (11th Cir. 2023).

McLellan has identified five claims he contends relate back to his timely-filed *pro se* pleadings. Each claim is addressed in the order McLellan presented them in his initial brief.

### A.      Opportunity to Defend Against Upward Departure

McLellan asserts that the district court failed to address his claim of procedural error: that it did not provide him an opportunity to defend against the upward departure it imposed in reliance on the jail incident. He contends the claim is based on the same

core facts detailed in his initial § 2255 motion and addendum; namely, the district court's reliance on the jail incident without considering evidence that would show he acted in self-defense. He argues that the district court's determination that he procedurally defaulted the issue was insufficient to resolve his procedural error argument.

McLellan's initial filings appeared to raise a procedural reasonableness argument. His initial motion argued there was insufficient evidence for the district court to weigh the jail incident against him without considering a video recording that proved his claim of self-defense. [Doc. 136 at 7]. He later clarified that the district court improperly relied on the jail incident as the sole ground for an upward departure because had it viewed the video, it would have realized he did not commit a crime. [Doc. 143 at 2]. To that extent, McLellan appeared to argue that the district court selected the alternative sentence based on clearly erroneous facts, rendering the sentence procedurally unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

McLellan's Motion to Amend expounded on the district court's consideration of the jail incident. He claimed, among other things, that the court abused its discretion and denied him due process when it failed to provide notice of its intent to impose an upward departure sentence based on that incident, thereby depriving him of an opportunity to present a defense. [Doc. 166 at 2, 5]. McLellan further aserted that the jail incident "was an 'improper ground' to give weight to at sentencing[.]" [*Id.* at 5].

The United States agrees that the amended claims relate back to the extent McLellan contests his original sentencing. The original and amended claims are based on the same core operative facts; namely, the district court's consideration of the

stabbing incident at the county jail at sentencing. However, the amended claim does not relate back to the extent McLellan challenges the district court's actions on remand from this Court. Those alleged errors were not part of the same course of conduct and occurred at a different time from the original sentencing proceeding.

### B. Consideration of Correct Guidelines Range or Downward Departure

McLellan contends that he raised two procedural arguments that relate back to his initial *pro se* filings. Those arguments include the district court's failure to (1) calculate and consider his guidelines range without the ACCA enhancement when it imposed the alternative sentence, and (2) consider factors that supported a downward departure in imposing that sentence. He avers that his initial § 2255 motion alleged that the district court improperly calculated his guideline range and failed to consider a downward departure. He states that the district court's finding that he was ACCA-eligible was insufficient to resolve these claims, which relate back to his initial motion.

The district court, in fact, implicitly dispensed with these claims. The court stated that McLellan's sentencing claims were "not viable in a 2255 motion," citing *Montemoino*, 68 F.3d 416. [Doc. 169 at 9]. *Montemoino* held that after the implementation of the Sentencing Guidelines, a defendant who pleaded guilty had the right to appeal his sentence, absent an express waiver to the contrary. 68 F.3d at 417. "Because of that opportunity, a defendant has no right to raise Guidelines sentencing issues in a § 2255 proceeding." *Id.* McLellan pleaded guilty to Count Two of the superseding indictment based on an oral agreement that the United States would dismiss Count Three. A jury found him guilty of Count One. By citing *Montemoino*, the district court found that

McLellan could not raise any Sentencing Guidelines claims because he could have done so on direct appeal. In so doing, the court implicitly recognized the claim related back but denied it.

### C.    Opportunity to Present Mitigating Evidence

McLellan argues that the district court failed to address his claim that he was denied the opportunity to present mitigating evidence because of the ACCA. [11th Cir. Doc. 48, Initial Brief at 52]. In his initial motion, he asserted that the court could not consider the § 5K2.0 factors because of the ACCA. [Doc. 136 at 5]. In his Motion to Amend, he wrote, "The court stated it was a mandatory minimum case and never gave me an opportunity to present any mitigating evidence in my favor." [Doc. 166 at 2]. He claims the district court's ruling that he was eligible to be sentenced as an armed career criminal was insufficient to resolve this claim because the court could have considered mitigating evidence as to the alternative sentence.

Liberally construing these arguments, McLellan averred that the ACCA precluded the district court's consideration of § 5K2.0 factors. As previously argued, in discussing the district court's compliance with *Clisby*, the court addressed this claim. McLellan's initial and amended motion did not frame the issue with respect to the imposition of his alternative sentence. Thus, there is no relation back problem.

### D.    Consideration of the Need to Avoid Unwarranted Sentence Disparities

McLellan asserts that the district court did not resolve the claim that it abused its discretion by failing to address the need for unwarranted sentence disparities. He contends that he raised this issue in the addendum to his initial motion and expanded

the argument in his April 14, 2022, motion. The district court's order did not mention sentence disparities. The United States concedes that this claim relates back to McLellan's addendum to his initial motion, which he timely filed. There, McLellan asserted that, in addition to using the correct guideline range, the court should "treat me like the many others that I have witnessed in the same circumstances and with the same or similar factors[.]" [Doc. 143 at 6-7]. In so doing, McLellan argued that a disparity existed between his sentence and that of similarly situated defendants.

### E.    Ineffective Assistance of Trial and Appellate Counsel

Finally, McLellan argues that the district court failed to address an ineffective assistance claim that related back to his initial motion; specifically, that trial counsel was ineffective "for fail[ing] to object to the district court's sentencing analysis." [11th Cir. Doc. 48 at 54]. McLellan contends this claim relates to his original argument that the district court based its alternative sentence on an incorrect guideline range, failed to consider factors supporting a downward departure, and erred in considering the jail incident. [*Id.*].

The new claim does not relate back to McLellan's initial § 2255 motion. McLellan originally argued that trial counsel was ineffective for failing to object to a prejudicial remark the prosecutor made during closing argument, raise as a defense his valid prescription for anxiety medication, and present a letter from his employer at sentencing. His untimely claim—that counsel should have objected to the district court's inadequate sentencing explanation—relies on a different core operative fact; namely, the district court's pronouncement of the alternative sentence. His amended claim is based on trial counsel's alleged failure to object to the district court's

classification of McLellan as an armed career criminal without sufficiently explaining its reasons for doing so. Although McLellan's initial motion contested whether he was still ACCA-eligible and asserted that the district court could not consider a downward departure because of the statute, he did not challenge the sufficiency of the district court's explanation of for its sentencing decision. The claims do not share core facts.

McLellan's initial claim gave notice that he was contesting the district court's performance, not trial counsel's. *See Watkins v. Stephenson*, 57 F.4th 576, 581 (6th Cir. 2023), *cert. denied sub nom. Watkins v. Chapman*, 144 S. Ct. 222 (Mem) (2023) ("So these three amended claims alleged errors in the way that the trial court managed the trial procedure, whereas the original claims alleged errors at the later sentencing, by Watkins' trial counsel, or by the prosecutor."); *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (internal citations omitted) ("Even if it were to be liberally construed, this quoted language speaks only of the court, and makes no mention of Ciampi's attorney."). Thus, the district court properly concluded that this claim was time-barred.

McLellan further asserts that the district court should have addressed whether appellate counsel was ineffective for failing to raise the district court's improper consideration of the jail incident on direct appeal. McLellan raised that argument in a pleading [Doc. 168] that is not within the scope of the COA. Therefore, the Court should decline to consider it.

## **CONCLUSION**

Based on the preceding arguments, the United States respectfully requests that the Court affirm as to the *Clisby* issue and rule as necessitated by the interests of justice as to the relation back questions.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY
By:

*/s/ Marjorie Vincent-Tripp*
Marjorie Vincent-Tripp
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845
Fax: (251) 441-5277

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation outlined in Fed. R. App. P. 32(a)(7)(B)(i).  This brief contains **9,120** words.

*/s/ Marjorie Vincent-Tripp*
Marjorie Vincent-Tripp
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, a true and correct copy of this brief was served upon counsel for Appellant by placing a copy in the United States Mail, postage prepaid and properly addressed to Sakina J. Haji, Latham & Watkins LLP, 555 11th St. NW, Suite 1000, Washington, DC 20004.

*/s/ Marjorie Vincent-Tripp*
Marjorie Vincent-Tripp
Assistant United States Attorney